EDWIN A. BARNES, Appellant, *v.* HARVEY E. LIGHT, Respondent.

An action of ejectment founded only upon adverse possession may be maintained even against the true owner.

In such case, however, where the alleged adverse possession is "under a claim of right, exclusive of any other right, but not founded upon a written instrument or a judgment or decree," it is necessary for plaintiff to show an actual continued occupation, and only the premises so occupied can be deemed to have been held adversely (Code Civ. Pro. § 371); to establish such occupation it must appear that the land was protected by a substantial inclosure, or has been actually cultivated or improved (§ 372).

A claim of title may be made by acts as well as assertions.

In an action of ejectment it appeared that the *locus in quo*, a small triangular strip of land, was not included in plaintiff's record title of his farm. The evidence, however, justified a finding that plaintiff and his predecessors in title had been in the actual occupation and enjoyment thereof as part of the farm for more than twenty years, it being a portion of a cultivated field inclosed within a substantial fence; and, while there was no evidence of any claim of title by word of mouth, it appeared that each grantee of the

farm in taking possession entered upon, actually occupied and improved the land in controversy or a part of it. *Held*, that a refusal of the court to submit to the jury the question as to whether plaintiff had not had such adverse possession as to give him title was error.

(Argued May 1, 1889; decided October 8, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of June, 1886, which affirmed a judgment in favor of the defendant, entered upon a verdict directed by the court.

This is an action of ejectment brought to recover the possession of certain premises in the town of Pittsford, county of Monroe. The answer is, in substance, a general denial.

The defendant's farm, of about sixty-eight acres, lies directly east of a portion of plaintiff's farm, of one hundred acres. The land in controversy, embracing about one-third of an acre, is a triangular strip running from a point at the north end of the boundary line between the parties, to a base forty-eight links in length at the south end of said line. The origin of plaintiff's title, as proved upon the trial, was a deed from Oliver Culver to Isaac Barnes, dated January 3, 1823, in which the land conveyed is described by metes and bounds. The origin of defendant's title was a deed from William N. to Sylvester Shepard, dated April 30, 1840, which conveyed certain lands, bounded as follows : " Beginning in the centre of the road leading from Pittsford to Rochester in the south line of Erastus Williams' land ; from thence running west in said south line forty chains to Isaac Barnes' land ; thence running south in the east line of Barnes' land fifteen chains and twelve links ; thence running south eighty-six degrees east forty-four chains to the Blake tract, so-called ; thence running north in the west line of said Blake tract ten chains and eighty-two links to the centre of the Rochester road ; thence northwardly in said road to the place of beginning."

The several conveyances in the two chains of title from the original grantors down to the respective parties contained like

descriptions, except that the north and west lines of defendant's land in the final deed to him, dated February 8, 1881, are as follows: "Thence on the south line of land now or lately owned by Erastus Williams, north eighty-four and one-half degrees, west forty chains twenty links to land of Isaac Barnes; thence south three degrees and a quarter west along said land fifteen chains."

It was conceded " that, by following the courses and distances alone given in the deed from Culver to Barnes along the west and south sides of plaintiff's farm, the east line would be so drawn as to exclude the *locus in quo.*"

Further facts appear in the opinion.

*Henry W. Conklin* for appellant.    Plaintiff had shown such possession of the *locus in quo* as to entitle him to recover in the absence of proof of title by defendant. (*Hunter* v. *Starin,* 26 Hun, 529; *Miller* v. *L. I. R. R. Co.,* 71 N. Y. 380.) A conveyance is to be construed in reference to its distinct and visible locative calls as marked or appearing upon the land, in preference to quantity, course, distance, map or anything else. (*Van Wyck* v. *Wright,* 18 Wend. 157; *Glover* v. *Shields,* 32 Barb. 374.) The court erred in refusing to submit to the jury the question whether the plaintiff had not had such adverse possession of so much of the premises claimed in the complaint as lay north of the woods as to give him title thereto. (*Thompson* v. *Burhans,* 79 N. Y. 93, 99.) The court erred in refusing to submit to the jury the question whether there had not been such a practical location of the boundary line along the east side of the premises claimed in the complaint, throughout the whole length thereof, as to give title to said premises to the plaintiff and exclude title of the defendant therefrom. (*Pierson* v. *Mosher,* 30 Barb. 81; *Swettenham* v. *Leary,* 18 Hun, 284; *Baldwin* v. *Brown,* 16 N. Y. 359; *Reed* v. *Farr,* 35 id. 113; *Ratcliffe* v. *Gray,* 3 Keyes, 510; *Jones* v. *Smith,* 64 N. Y. 180.)

*James Breck Perkins* for respondent.    There was no evidence of a practical location of the old fence as a line fence

between the two farms. (*Hubbell* v. *McCullough*, 47 Barb.
287; *Coming* v. *T. I. Co.*, 44 N. Y. 577, 595; *Baldwin* v.
*Brown*, 16 id. 359; *Jones* v. *Smith*, 35 id. 113; 73 id. 205;
*Ratcliffe* v. *Gray*, 3 Keyes, 510, 512; *Swettenham* v. *Leary*,
18 Hun, 284, 287; *In re Kingston*, 2 Smith's L. C. [Am. ed.]
644; 3 Wash. on Real Prop. [4th ed.] 89.) There was no
evidence of adverse possession sufficient to give a title. (*Pope*
v. *Hanmer*, 8 Hun, 265; 74 N. Y. 240, 245; *Robinson* v.
*Phillips*, 65 Barb. 418; *Thompson* v. *Burhans*, 79 N. Y. 93,
99; *Swettenham* v. *Leary*, 18 Hun, 284, 286; *Yates* v. *Van
De Bogert*, 56 N. Y. 526; *Doolittle* v. *Tice*, 41 Barb. 181.)

VANN, J. The land in question is not covered by any deed
in plaintiff's chain of title, but he founds his right to recover
(1) upon adverse possession, and (2) upon a practical location
of the boundary line between his farm and that of the defend-
ant. Unless there was enough evidence to authorize the jury
to find for the plaintiff upon one of these questions, the trial
court was right in directing a verdict for the defendant. An
action of ejectment, founded only upon adverse possession,
can be maintained even against the true owner. (*Cahill* v.
*Palmer*, 45 N. Y. 479; *Millard* v. *McMullin*, 68 id. 345;
*Sherman* v. *Kane*, 86 id. 57; *Casleton* v. *Darcy*, 90 id. 566;
*Mayor, etc.*, v. *Carleton*, 113 id. 284; *Baker* v. *Oakwood*, 49 Hun,
416; Buswell's Lim. and Adv. Pos. 313–315.) As the plaint-
iff's claim of title was not founded upon a written instrument,
judgment or decree, it was necessary for him to show an actual
continued occupation of the premises under a claim of title,
not founded upon written evidence, exclusive of any other
right. (Code Civ. Pro. §§ 370, 371.) Under such circum-
stances, land can be deemed to have been held adversely only
where it has been protected by a substantial inclosure or
where it has been usually cultivated or improved. (Id. § 372.)

Upon the trial evidence was given tending to show that the
west end of defendant's farm had been cleared and cultivated
for forty years or more. The adjoining land of the plaintiff
was, for a distance of over eight chains, a forest, and for the

remaining six chains and upwards cleared, inclosed and culti-vated land. The entire forest comprised from sixty to one hundred acres, and, although owned by several persons, had no division fences. The portion owned by the plaintiff, consti-tuting the south end of his farm, was separated from his cleared land by a fence that has stood there for over thirty years, during which period all of his cleared land has been cultivated and enclosed, including the northerly part of the land in ques-tion. It was plowed, planted and seeded, then used as a meadow until the grass ran ont, when it was plowed, planted and seeded again, and was used, according to one of the wit-nesses, "as a general farm is used." For over forty years a crooked fence, made of rails, boards nailed upon posts and trees, brush and "odds and ends," ran between the east end of the woods and the rear of defendant's farm, and from the woods northerly, between the latter and the cultivated part of plaintiff's farm. The north portion of this fence was better and was more carefully kept up than the part by the woods, and the land upon plaintiff's side thereof was cultivated "as close up to the rail fence as you could plow, or within three feet." This fence was occasionally repaired and partially renewed until shortly before the commencement of the action, when it was torn down by the defendant and a new fence erected on the west side of the land in dispute. Several marked trees, the marks being apparently very old, were found on the line of the old fence. No use appears to have been made of the forest by the plaintiff or his grantors, except to cut wood and timber therefrom occasionally.

The evidence, when construed most favorably to the plaint-iff, did not merely tend to show an occasional use of the cleared part of the *locus in quo* for particular purposes or upon special occasions, but an actual enjoyment thereof as part of a farm, year after year, for more than twenty years.

There was other evidence less favorable to the plaintiff's contention. Several witnesses testified, in substance, that the fence was temporary and unsubstantial, and that it was erected upon the edge of the woods at the rear of defendant's cleared

land, for the purpose of keeping cattle from going back into the woods, and that this was the object of the fence on the south of plaintiff's cleared land also. The testimony of others was to the effect that no part of the land in question was either cultivated or improved. There was, however, evidence that would have warranted the jury in finding the facts as already stated. By drawing permissible, although possibly extreme, inferences, the jury might have found that the few rods of cleared land in controversy were, for more than twenty years, a portion of a cultivated field, fenced on each of its four sides with a substantial fence and used as part of a farm in the ordinary course of husbandry. While the fence itself may have covered a large part of the cleared land, the jury would have been warranted in finding that it did not cover all of it, and that the part not so covered belonged to the plaintiff through adverse possession for the period required by law. The land thus acquired may have been small in quantity and insignificant in value, but if it belongs to one party it should not be awarded to the other.

Whether the portion north of the woods was protected by a substantial enclosure, and whether it had been usually cultivated or improved within the meaning of the statute, were questions of fact which the jury should have been permitted to pass upon. The defendant, however, contends that it does not appear that the plaintiff or his grantors ever claimed this strip of land, or any part of it. There is no evidence that any claim of title was made by word of mouth, but it appears that each grantee in taking possession of the farm, under his deed, entered upon, actually occupied and improved the land in controversy, or a part of it, although it was not included in his conveyance. This, if done in good faith, was enough to satisfy the statute. A claim of title may be made by acts alone, quite as effectively as by the most emphatic assertions. As was said by the chancellor, when speaking for the Court of Errors in *La Frombois* v. *Smith* (8 Cow. 589, 603): "The actual possession and improvement of the premises, as owners are accustomed to possess and improve their estates, without

any payment of rent, or recognition of title in another, or disavowal of title in himself, will, in the absence of all other evidence, be sufficient to raise a presumption of his entry and holding as absolute owner, and unless rebutted by other evidence, will establish the fact of a claim of title." Possession, accompanied by the usual acts of ownership, is presumed to be adverse until shown to be subservient to the title of another.

We think that the refusal of the court to submit to the jury the question " whether the plaintiff had not had such adverse possession of the premises claimed in the complaint, lying north of the woods, as to give him title thereto," as requested by the counsel for plaintiff, was error, and calls for a reversal of the judgment. This makes it unnecessary to consider the question of practical location.

The judgment should be reversed and a new trial granted, with costs to abide event.

All concur, except BRADLEY and HAIGHT, JJ., not sitting, and FOLLETT, Ch. J., not voting.

Judgment reversed.