CHARLES ROBINSON SMITH and Another, Respondents, *v.* ELIZABETH    | 80   287|
REICH, Appellant, Impleaded, etc.                                |151a  642|

*Title to real estate which is not founded on a written instrument — adverse posses-*
*sion, how established — it must be continuous — privity of possession between suc-*
*cessive occupants.*

Where the title of a person to real estate does not rest upon a written instru-
ment it is necessary for her, in order to establish title to the same, to show
actual continued occupation of the premises under a claim of title exclusive of
any other right; under such circumstances land is deemed to be held adversely
when it is usually cultivated or improved.

Adverse possession must be continuous, and when one person seeks to unite to
his possession the possession of prior occupants the several titles must be con-
nected by purchase or descent. Without some privity between the successive
occupants the several possessions cannot be tacked together so as to make con-
tinuity of possession.

APPEAL by the defendant, Elizabeth Reich, from a judgment of
ejectment of the Supreme Court in favor of the plaintiffs, entered
in the office of the clerk of the county of Suffolk on the 8th day of
November, 1893, upon the verdict of a jury rendered after a trial
at the Suffolk Circuit, adjudging that the plaintiffs had an estate in
fee simple absolute in certain premises described in the complaint,
and also from an order made at the Suffolk Circuit on the 23d day
of October, 1893, and entered in said clerk's office, denying her
motion for a new trial made upon the minutes.

*B. K. Payne*, for the appellant.

*Newell Marten*, for the respondents.

BROWN, P. J.:

This action was in ejectment for a small tract of land in the town
of Islip, Suffolk county.

The answer admitted possession, denied the plaintiffs' title, and
alleged that appellant and her grantors had been in uninterrupted
adverse possession for more than twenty years prior to the com-
mencement of the action.

In January, 1875, appellant purchased about 100 acres of
land from Mary H. Cordts, and at that date took possession of the
lands in dispute. The plaintiffs were the owners of several hundred

acres lying east of the appellant's land, and it was their claim that the disputed land was a part of their tract. It was conceded that the westerly boundary of the plaintiffs' lands and the easterly boundary of the lands described in the deed from Cordts to appellant was the east line of the "Mowbray patent," and the location of that line was the main question of fact litigated upon the trial. Under a charge to which, in this respect, no exception was taken, the jury determined the line of the Mowbray patent to be as claimed by the plaintiffs, and, consequently, that the land in dispute was not included in the conveyance to the appellant. The question presented upon this appeal is, whether evidence offered by appellant, and which she claims tended to establish possession adverse to the plaintiffs, was improperly excluded.

Lorenzo Reich, the appellant's husband, testified that in company with his wife he visited the property in 1871; that he also saw it in 1874, and he was asked whether at those visits the premises were cultivated, and if so, by whom. These questions were objected to and excluded, to which appellant excepted. Similar questions were asked of the appellant and of William Boland, and excluded over the appellant's objection and exception. Boland testified that he saw the premises in 1867 and nearly every summer thereafter.

The appellant's title did not rest upon a written instrument, and hence it was necessary for her to show actual continued occupation of the premises under a claim of title, exclusive of any other right. (*Pope* v. *Hanmer*, 74 N. Y. 240; Code Civ. Proc. § 371.)

Under such circumstances land is deemed to be held adversely when it is usually cultivated or improved. (Id. § 372.)

While it was a fact material to the appellant's case to show that for the period of four or five years prior to her occupation the lot was cultivated, that evidence of itself was insufficient to establish an adverse holding.

It was essential that it should appear that such cultivation existed under a claim of title by the occupant, and that appellant had succeeded to that title.

It did not appear that any person in appellant's chain of title ever had occupied the land, and no offer to show that fact was made. Nor did it appear that appellant had any other claim to the lot than under her deed from Cordts.

Assuming, therefore, that Lorenzo Reich had answered the question asked him by saying that the premises were cultivated in 1874 by Mary Cordts, or that it had appeared that her grantors had occupied them, it would not afford sufficient ground to reverse the judgment. Mary Cordts was not called to prove the character of her possession, and under her deed there was no privity between her and defendant with respect to the lot in question.

Adverse possession must be continuous (Code Civ. Proc. § 371), and when one person seeks to unite to his possession the possession of prior occupants the several titles must be connected by purchase or descent. Without some privity between the successive occupants the several possessions cannot be tacked together so as to make continuity of possession. (*Doe* v. *Campbell*, 10 Johns. 475; *Simpson* v. *Downing*, 23 Wend. 316; *Melvin* v. *Proprietors of Locks*, 5 Met. 15; 1 Am. & Eng. Ency. of Law, 269; Angell on Lim. § 413.)

If Mary Cordts had been shown to have occupied the land in dispute Mrs. Reich could not avail herself of that occupation to make up the twenty years necessary to establish an adverse possession, for the reason that the description in her deed excluded the land, and, consequently, she had not acquired Mrs. Cordts' title.

A different case would have been presented had the description in that deed included the land in question.

The defendant relies upon *Barnes* v. *Light* (116 N. Y. 34).

There was no question in that case of continuity of possession. Isaac Barnes, the plaintiff's predecessor in title, received his deed in 1823, and occupied the land for upwards of twenty years, and the plaintiff had succeeded to his title. That case does not conflict with the rule here applied.

We are of the opinion that no error was committed in the exclusion of the evidence referred to, and the judgment must be affirmed, with costs.

DYKMAN and CULLEN, JJ., concurred.

Judgment affirmed, with costs.