ting. This being the situation, the fact that the plaintiff and her party did not hear the whistle or bell was not, we think, sufficient to overcome or outweigh the positive evidence on the subject on the part of the defendant. The jury were, therefore, not warranted in finding the proposition of fact which, under the charge, must be deemed to have been the basis of the verdict, and a new trial must be granted.

The appeal from the order granting the extra allowance need not be considered, as that order must fall with the judgment.

Judgment and order denying motion for a new trial reversed on the facts, and a new trial granted; costs to abide the event. Order granting extra allowance vacated. All concur.

---

(41 App. Div. 8.)

### BUFFALO CREEK R. CO. et al. v. COLLINS et al.

(Supreme Court, Appellate Division, Third Department. May 3, 1899.)

ADVERSE POSSESSION—WHAT CONSTITUTES.

    Code Civ. Proc. § 372, provides that, to constitute adverse possession by one not claiming title through a written instrument or a judgment or decree the land must havé been protected by a substantial inclosure, or usually cultivated or improved, and not otherwise. Defendants in ejectment showed that they and those under whom they held had been in possession of the premises for over 40 years, that there had been a substantial inclosure during said time, that they had improved the premises, and that neither defendants nor their predecessor in interest ever recognized any one else as the owner of said premises, or disclaimed ownership. Defendants' predecessor, before his death, claimed the ownership of the lot. It did not appear under what claim or circumstances defendants' predecessor took possession. Defendants had never paid any taxes, and it appeared to have been included in a tract assessed as a whole to plaintiffs and their predecessors in interest. The lot was low land, and the foundation of the buildings consisted mainly of posts set in the ground. The plaintiffs had never made a claim against defendants' possession, though they had held title for many years. Held to sustain a verdict in favor of defendants on the ground of adverse possession.

Appeal from trial term, Erie county.

Action by the Buffalo Creek Railroad Company and others against Ann Collins and others. From a judgment in favor of defendants, and from an order denying a new trial, plaintiffs appealed. Affirmed.

The action was commenced on the 14th January, 1896, and was brought to recover the possession of certain real estate on the easterly side of Ganson street, in the city of Buffalo. In the answer of the defendants there is a general denial, and also an allegation of adverse possession for more than 20 years before the commencement of the action. Upon the trial, at the close of the evidence, each side asked the court to direct a verdict in their favor, and neither asked to go to the jury. Thereupon the court directed a verdict in favor of the defendants.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Moot, Sprague, Brownell & Marcy (Adelbert Moot, of counsel), for appellants.

George M. Browne, for respondents.

MERWIN, J. The main question in this case relates to the defense of adverse possession. The verdict directed by the court is,

in effect, the same as a verdict by the jury for the defendants. Thompson v. Simpson, 128 N. Y. 270, 28 N. E. 627. The question here is whether or not the evidence is sufficient to sustain the verdict. The claim of the defendants was not founded upon a written instrument, or a judgment or decree. It was, therefore, incumbent upon them to show that for 20 years before the commencement of the action they, or those from whom they hold, had been in the actual, continued occupation of the premises under a claim of title, exclusive of any other right; and for the purpose of establishing such actual occupation it was necessary for them to show that the premises either had been protected by a substantial inclosure or had been usually cultivated or improved. Code Civ. Proc. §§ 368, 371, 372.

The defendants, who claim title by adverse possession, are the heirs at law and widow of James Collins, who died about 1865. The land in question is on the easterly side of Ganson street, on the island, so-called, between Buffalo creek, or river, and Lake Erie. It is a small lot, being about 36 feet 6 inches on the street, and running back about 77 feet. The entire lot, as occupied by the defendants, contains two small houses; the southerly one extending further south than the plaintiffs claim to own. The evidence on the part of the defendants tends to show that James Collins, 40 years ago and upward, entered into possession of the premises, and lived there, with his family, in a small house, up to the time of his death, and claimed to own the place; that since his death the defendants have occupied the property; that all this time there has been a substantial inclosure of the lot; that James Collins made repairs upon the house, and to some extent filled up the lot; that defendants also made repairs and improved the lot, and, more than 20 years before the commencement of this action, moved onto the lot another small house, which they or James Collins purchased, and afterwards repaired this, or built a new front part, at considerable expense; that the plaintiffs, or those from whom they hold, never made any claim on James Collins, or the defendants, or disputed their rights, before the commencement of this action; that James Collins, or the defendants, never recognized any other title, or disclaimed ownership; that the lot was low land, and the foundation of the buildings consisted mainly of posts set in the ground; that some portion of the premises was used as a garden or for trees.

It does not appear who was in possession before James Collins, or how he came to take possession. The defendants have never paid taxes on the property, they have not been called upon to do it, and it has never been assessed to them. It seems to have been included in a tract of property assessed as a whole to plaintiffs or their predecessors in interest. Ganson street was laid out in 1871. The deed of this and other property to the plaintiff the Buffalo Creek Railroad Company bears date September 1, 1879, and is in performance of a contract given September 1, 1869. The circumstance that James Collins or the defendants may not have asserted in public, in so many words, their claim of ownership, does not necessarily preclude them from claiming adverse possession. A claim of title may be made by acts, as well as by assertions. Barnes v. Light, 116 N. Y. 34, 29 N.

E. 441; Railroad Co. v. Brennan, 12 App. Div. 103, 42 N. Y. Supp. 529. In the case last cited, as here, it did not appear under what right or authority the party at first took possession. In the Barnes Case it was said that "possession, accompanied by the usual acts of ownership, is presumed to be adverse until shown to be subservient to the title of another." "The character of adverse possession is given, not by proving notice to persons interested, but by the nature of the acts done by the party." Sergeant, J., in Lodge v. Patterson, 3 Watts, 77. Whether there be an adverse possession is a question of fact. Clapp v. Bromagham, 9 Cow. 530; Whiting v. Edmunds, 94 N. Y. 309, 316; Clarke v. Courtney, 5 Pet. 354.

Upon the part of the plaintiffs it is argued that James Collins, and his heirs and widow after him, were but squatters, and never were in under a claim of title; and in this view significance is sought to be given to the character of the locality, and of the buildings and their foundations. The proper inference, however, to be drawn from these circumstances, in connection with all the other circumstances in the case, was one of fact. The length and permanency of an occupation are quite material elements on the question. It should not be said, as matter of law, that the defendants were not in under claim of title. It is to be observed that the claim of the Buffalo Creek Railroad Company, who now claims to be the owner of the fee, dates from the year 1869. Still, until the commencement of this action, no claim was made against the defendants, although all this time the defendants were in the sole, undisputed, and valuable occupation, and the premises were, as the jury might find (Trustees v. Kirk, 84 N. Y. 215, 220), protected by a substantial inclosure, within the meaning of the statute. Presumptively, the company had notice of conduct that did not recognize its ownership. The fact that the inclosure may have also included some land not claimed by plaintiffs does not render the inclosure ineffective as to the plaintiffs. The question of adverse possession was for the jury to determine, and the evidence was, we think, sufficient to sustain a verdict for the defendants. The direction of a verdict should, therefore, not be disturbed.

Judgment and order affirmed, with costs. All concur.