GREEN et al. v. HORN.

(Supreme Court, Appellate Division, Third Department. November 11, 1908.)

1. ADVERSE POSSESSION (§ 114*)—EVIDENCE—SUFFICIENCY.

Evidence *held* to authorize the jury to find that one held premises under a title by adverse possession.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 682–690; Dec. Dig. § 114.*]

2. ADVERSE POSSESSION (§ 31*)—TITLE BY ADVERSE POSSESSION—ELEMENTS.

To perfect title by adverse possession, it is not necessary that the true owner should have had actual notice or that the claimant should have asserted in public, in so many words, his claim of ownership, and a claim of title may be made by acts as well as assertions.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. § 129; Dec. Dig. § 31.*]

3. DEEDS (§ 115*)—CONSTRUCTION—DESCRIPTION OF PROPERTY CONVEYED.

A deed conveying a part of a tract described the starting point of the first line as a point on the west line of a certain plank road. The third line extended to the plank road. The deed gave courses and distances. The undisputed evidence of a surveyor showed that the fourth and last course would include property to the plank road. *Held* that, notwithstanding mistakes in courses and distances, the description was sufficient to convey to the plank road.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 325; Dec. Dig. § 115.*]

4. BOUNDARIES (§ 3*) — DESCRIPTION — CONFLICTING ELEMENTS—COURSES AND DISTANCES.

The presumption is that all grants are made with reference to an actual view of the premises, and courses and distances and quantities must yield to natural or artificial monuments.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 6–19; Dec. Dig. § 3.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. ADVERSE POSSESSION (§ 71*)—COLOR OF TITLE.

Where a deed described the lands entered on by the purchaser, his possession was adverse, under color of title, however groundless the title.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 417–423; Dec. Dig. § 71.*]

6. CHAMPERTY AND MAINTENANCE (§ 7*) — CONVEYANCE OF LANDS HELD ADVERSELY.

Under Real Property Law (Laws 1896, p. 603, c. 547) § 225, providing that a grant of real property in the actual possession of a person claiming under a title adverse to the grantor is void, a deed conveying land in the adverse possession of another under a deed to him is void as against him.

[Ed. Note.—For other cases, see Champerty and Maintenance, Cent. Dig. §§ 54, 55; Dec. Dig. § 7.*]

Appeal from Trial Term, Warren County.

Action by James Green and others against Charles F. W. Horn. From a judgment for plaintiffs, and from an order denying a motion for a new trial, defendant appeals. Reversed.

The action was brought to recover two parcels of land, described in the complaint. The defendant by his answer denied that he was in possession of the first parcel. He admitted that he was in possession of the other, but denied that the plaintiffs were the owners, and alleged that he was; that he and his grantors had held adversely under color of title, claiming the property as their own, for more than 23 years before the commencement of the action. He also alleged that the conveyance under which the plaintiffs claim is void, because he was in the actual possession of the premises, claiming under a title adverse to the grantor, at the time of the delivery thereof. This action was commenced October 20, 1905, and has been twice tried. On the first trial the verdict of the jury was against the plaintiffs, and the judgment entered thereon was affirmed by this court on the 14th day of March, 1908. The judgment was vacated and a new trial granted upon application of the plaintiffs, under section 1525 of the Code of Civil Procedure. On the second trial the defendant asked to go to the jury "on the question of adverse possession, and whether the deed to plaintiffs is void under the champerty act, because defendant was in possession of the property claiming adversely at the time plaintiffs took the deed." The request was refused, and the defendant excepted. The court thereupon directed a verdict in favor of the plaintiffs for the possession of the property.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Charles M. Parsons, for appellant.
J. A. Kellogg, for respondents.

SEWELL, J. The parties to this action claim title through one William Caldwell, who died May 1, 1848, possessed of a large tract of land, of which the lot in dispute was a part. By a codicil to his will he devised an undivided one-third to Eliza McGillis, during life, with remainder to her children. The undivided two-thirds he gave to Helen Louisa Parmelee and Catherine E. Van Cortlandt. In August, 1851, an action of this tract was commenced, and an interlocutory judgment, directing partition and designating commissioners to make the partition, was duly entered. The commissioners made partition by dividing the property into two parcels, one of which, known as "Lot 20 of the Garrison Ground," containing 56 acres, was allotted to Eliza

McGillis for and during her life, and the other parcel, known as "Fort William Henry Field," was set off to Catherine E. Van Cortlandt and Helen Louise Parmelee to be held by them in common. The commissioners made a report of their proceedings August 31, 1852, and an order confirming the report and directing final judgment was entered. The dividing line between the two parcels was the east line of lot 20. This line commenced at a point 34 feet west of the west line of the Glens Falls and Lake George plank road, and ran in a southerly direction to the southeast corner of lot 20, which was 60 feet or more west of the plank road. The land in dispute is known as the "Waldorf," and is a part of the space or gore between the east line of lot 20 and the plank road. On December 24, 1881, Eliza McGillis executed and delivered to Elizabeth G. Horn, the mother of the defendant, a quitclaim deed in which she purported to convey—

"all that piece or parcel of land, situate, lying and being in the town of Caldwell, Warren Co., State of New York, being portion of lot twenty (20) Garrison Ground, beginning at southeast corner of Steam Mill Lot at a point in the west line of the Glens Falls and Lake George Plank Road, being north 61 degrees and 31 minutes west from the center of a culvert under said plank road, and running thence west of north five (5) chains thirteen (13) links to the east line of Dieskan street; thence south three (3) degrees west along the street five (5) chains twenty-five (25) links; thence north eighty-six (86) degrees east four (4) chains twenty-five (25) links to Plank Road; thence north twenty-eight (28) degrees thirty (30) minutes east two (2) chains fifty (50) links, containing one (1) acre twenty-five (25) rods more or less."

This deed was recorded in Warren county clerk's office December 24, 1881. The defendant claims that it embraces the premises in question. January 8, 1902, Elizabeth G. Horn by warranty deed conveyed the same premises, by similar description, to the defendant, and the deed was recorded April 17, 1902. The plaintiffs claim title through a quitclaim deed from the devisees, named in the wills of Helen Louisa Parmelee and Catherine E. Van Cortlandt, made February 1, 1905, which includes the land in dispute.

In disposing of the plaintiffs' motion for a direction of a verdict, the learned trial court said:

"I find nothing here to justify me or the jury in finding that this possession by defendant was adverse; and I do not think it necessary to send the question of possession to the jury, because I regard the possession as peaceable and not adverse."

Assuming that the claim of the defendant and his grantor was not founded upon a written instrument, I am of the opinion that there was evidence that they claimed to hold the premises adversely.

The witness Morris Stanton testified, "I do not remember when Mrs. Horn bought there; I remember her claiming ownership there," and the proof shows many facts and circumstances attending the possession from which a jury might properly conclude that it was adverse. It is unnecessary to recapitulate these facts or circumstances in detail. It is sufficient to say that the evidence on the part of the defendant tends to show that the defendant grantor entered into the actual possession in 1881, when she received her deed, and thereafter occupied and exercised acts of ownership over it; that her possession was definite, positive, visible, and notorious; that she protected it with a

real and substantial inclosure, cultivated it, improved it, and received all the rents and profits. Her dominion was shown by a great many acts that an owner would exercise over his own property, but not over another's. The building of the fence, the removal of one building and the erection of another, were significant acts of adverse possession, and were well calculated to inform the owner both of the fact of possession and the claim of title.

To perfect title by adverse possession it is not necessary that the true owner should have had actual notice, or that the claimant should have assented in public in so many words his claim or ownership. A claim of title may be made by acts as well as assertions. New York Cent. & H. R. R. Co. v. Brennan, 12 App. Div. 103, 42 N. Y. Supp. 529; Barnes v. Light, 116 N. Y. 34, 22 N. E. 441. In the Barnes Case it was said that "possession, accompanied by the usual acts of ownership, is presumed to be adverse until shown to be subservient to. the title of another." However that may be, I think that the premises in controversy are included in the deeds under which the title was claimed.

The description is clear and explicit. The starting point of the first line is a point in the west line of the Glens Falls & Lake George Plank Road, the third line extends to the plank road, and it appeared by the undisputed evidence of the plaintiffs' surveyor that the fourth and last course "would include the property in the gore and more too." Taking into consideration the entire description, I think the conclusion is warranted that the grantor intended to convey to the plank road. The fact that there was a mistake in a course or distance is immaterial, as the legal presumption is that all grants and conveyances are made with reference to an actual view of the premises by the parties thereto, as to its state and condition at the time; that courses and distances and quantities must yield to natural or artificial monuments or objects; and courses must be varied and distances varied so as to conform to the natural or ascertainable objects or bounds called for by the grant. Wendell v. People, 8 Wend. 183, 22 Am. Dec. 635.

If I am right in the conclusion that the lines given in the deed describe the lands in dispute, and the original entry was under it, the possession was adverse, however groundless the title. De St. Laurent v. Gescheidt, 18 App. Div. 121, 45 N. Y. Supp. 730; Munro v. Merchant, 28 N. Y. 9; Sands v. Hughes, 53 N. Y. 287. In the Munro Case it was held that a deed purporting to be executed by virtue of a power of attorney, which was not proved, affords sufficient color of title on which to found adverse possession under the statute.

There was also evidence which would have warranted the jury in finding that the deed to the plaintiffs was void. If the defendant was in adverse possession under his deed, when they recorded their deed of the premises, it was absolutely void as against the defendant (Real Property Law [Laws 1896, p. 603, c. 547] § 225; Arents v. Long Island R. R., 156 N. Y. 1, 50 N. E. 422; Dever v. Hagerty, 169 N. Y. 481, 62 N. E. 586), and whether or not the defendant was in actual possession, holding adversely under his title at the time the subsequent deed was made, was a question of fact for the jury.

I think that the learned trial court erred in determining that the defendant's possession was not adverse, and that the judgment and order should be reversed, with costs to abide the event.   All concur.