(78 Misc. Rep. 576.)

### KELLY v. KREMM et al.

(Supreme Court, Special Term, New York County. October, 1912.)

1. TRUSTS (§ 131*)—STATUTE OF USES—EXECUTION OF TRUST.

A deed to a grantee and her heirs, in trust for her two children therein named and the survivor of them, grants to the children the use for life, which by virtue of the statute of uses is executed in them as a legal estate for life only.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 175, 175½; Dec. Dig. § 131.*]

2. TRUSTS (§ 140*)—CONSTRUCTION—ESTATES ACQUIRED—REVERSION.

Where a deed to a grantee and her heirs, in trust for her two children named and the survivor of them, granted to the children a life estate only, the remainder, on the death of the children, vested in the heirs of the grantee.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 183–187; Dec. Dig. § 140.*]

3. ADVERSE POSSESSION (§ 43*)—TACKING POSSESSION.

One who does not claim under or through another cannot tack the latter's adverse possession to his own to establish title by adverse possession.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 213–225; Dec. Dig. § 43.*]

4. ADVERSE POSSESSION (§ 43*)—POSSESSION BY LIFE TENANT—EFFECT.

A possession under a claim of an estate for life cannot be availed of in support of the claim of another to the title in fee.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 213–225; Dec. Dig. § 43.*]

5. ADVERSE POSSESSION (§ 43*)—TACKING POSSESSION—CONTINUOUS POSSESSION.

The possession of two persons interrupted by the hostile possession of a third cannot be tacked to establish title by adverse possession.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 213–225; Dec. Dig. § 43.*]

Action by Elizabeth A. Kelly against Rachel Josephine Kremm and others. Judgment for plaintiff.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

James R. Bowen, of New York City, for plaintiff.

Putney, Twombly & Putney, of New York City (Richard Kelly, of New York City, of counsel), for defendants Kremm.

GIEGERICH, J. The action is brought under section 1638 of the Code of Civil Procedure to compel the determination of a claim to certain real property known by the street numbers 129 and 131 Elizabeth street, in the city, county, and state of New York, and more particularly described in the complaint. The only defendants who have appeared are Rachel Josephine Kremm, Marietta Josephine Kremm, and Georgiana W. Kremm. The plaintiff and the defendants who have appeared claim title to the premises in question under a deed made by Daniel Anderson and Catherine, his wife, to Christina Hammet, dated the 10th day of March, 1827, and recorded in the office of the register of the county of New York on the 16th day of March, 1827, in Liber 216 of Conveyances, at page 161. The material parts of the said deed are as follows:

"This indenture, made the 10th day of March, in the year of our Lord 1827, between Daniel Anderson, of the city, county and state of New York, cordwainer, and Catherine, his wife, parties of the first part, and Christina Hammet, of the same city, market woman, in trust for her children, Michael Punt and Elizabeth Hammet and the survivor of them, party of the second part, witnesseth: That the said parties of the first part, for and in consideration of the sum of $1,250, lawful money of the United States of America, to them in hand paid at or before the ensealing and delivery of these presents by the said party of the second, * * * the receipt whereof is hereby acknowledged, and the said party of the second part, her heirs, executors, and administrators, forever released and discharged from the same by these presents have granted, bargained, sold, aliened, remised, released, enfeoffed, conveyed, and confirmed, and by these presents do grant, bargain, sell, alien, remise, release, enfeoff, convey, and confirm unto the said party of the second part and to her heirs and assigns forever. [Here follows a description of the property.] To have and to hold the above granted, bargained, and described premises with the appurtenances unto the said party of the second part, her heirs and assigns, to her and their own proper use, benefit, and behoof forever. And the said Daniel Anderson, for himself, his heirs, executors, and administrators, doth covenant, grant, promise, and agree to and with the said party of the second part, her heirs and assigns, that the said party, Daniel Anderson, at the time of the sealing and delivery of these presents, is lawfully seised in his own right of a good, absolute, and indefeasible estate of inheritance in fee simple of and in all and singular the above granted, bargained and described premises, with the appurtenances, and hath good right, full power, and lawful authority to grant, bargain, sell, and convey the same in manner and form aforesaid. And that the said party of the second part, her heirs and assigns, shall and may at all times hereafter peaceably and quietly have, hold, use, occupy, possess, and enjoy the above-granted premises, and every part and parcel thereof, with the appurtenances, without my let, suit, trouble, molestation, eviction, or disturbance of the said parties of the first part, their heirs or assigns, or of any other person or persons lawfully claiming or to claim the same."

On July 1, 1839, the said Elizabeth Hammet was married to one Jacob Somerindyke. On or about November 4, 1839, the said Christina Hammet, the grantee named in the deed, died intestate, leaving her surviving as her only heirs at law her said children, Michael Punt and Elizabeth Somerindyke, and a third and younger child, Anna M. Hammet, born subsequent to the execution of the said deed, and who

intermarried with one James T. Griswold. The said Michael Punt died intestate on or about May 6, 1850, leaving him surviving his widow, Zillah Punt, who died on March 23, 1858, and his two half-sisters, Elizabeth Somerindyke and Anna M. Griswold. Elizabeth Somerindyke died intestate on or about November 13, 1855, leaving her surviving her husband, Jacob Somerindyke, and her daughter, Elizabeth A. Somerindyke, her sole child and heir at law. The latter intermarried with one Thomas Scanlon. He died, and she subsequently married one Edward Kelly. The said Elizabeth A. Kelly died intestate on or about November 7, 1879, leaving her surviving as her only child and heir at law her daughter, Elizabeth A. Kelly, the plaintiff herein. The said Jacob Somerindyke, the husband of Elizabeth Somerindyke, died intestate on or about June 19, 1891. For about 10 or 15 years prior to 1888 the said Jacob Somerindye collected rents from tenants of the said premises, and from the said year 1888 down to the time of his death he collected the entire rents of the premises. He remarried after the death of his said wife, Elizabeth, and had three daughters by his second wife, who upon his death entered into possession of the premises, claiming the same in fee to the exclusion of the plaintiff, and they continued in possession and collected and retained the rents of the premises until the year 1895, when they surrendered possession of the same to the plaintiff.

On or about February 10, 1894, the said Anna M. Griswold died, leaving a last will and testament, by which, after making certain bequests of personal property, she gave, devised, and bequeathed unto Oscar D. Kremm all the rest, residue, and remainder of her estate, both real and personal. On January 19, 1907, the said Oscar D. Kremm died intestate, leaving him surviving his widow, the defendant Rachel Josephine Kremm, and his children, the defendants Marietta Josephine Kremm and Georgiana W. Kremm, his sole heirs at law, who claim that they are the owners of record of an undivided share of the property as tenants in common with the plaintiff. Their claim is disputed by the plaintiff, who claims an estate in fee simple in the entire property as the granddaughter of Elizabeth Somerindyke, née Hammet, who, as above shown, survived her brother Michael Punt, and who it is claimed, as survivor, took an estate in fee simple under the conveyance of Anderson and wife to Christina Hammet. The defendants Kremm, on the other hand, contend that Michael Punt and Elizabeth Hammet merely took a life estate and that the fee vested in Christina Hammet. As already shown, they claim through one Anna M. Hammet, a child of Christina Hammet, who was born after the execution of the above-mentioned deed. The case thus turns upon the construction and effect of the said deed from Anderson and wife to Christiana Hammet.

[1] The case of McElroy v. McElroy, 113 Mass. 509, is authority for the proposition that, where the technical word "heirs" is necessary to the creation of an estate in fee by deed, a conveyance to A. and his heirs in trust for B. will give B. no more than an estate for life. It was unnecessary to decide this point in Van der Volgen v. Yates, 9 N. Y. 219, where the only question to be decided was whether or not

there was a reversion in the grantor, and that was the only question that the court assumed to decide. I conclude, therefore, on the authority of the Massachusetts case, that under the conveyance of Anderson and wife to Christina Hammet and her heirs, in trust for her two children therein named and the survivor of them, the latter took the use for life only, which by virtue of the statute of uses was executed in them as a legal estate of like quality.

[2] It thus becomes necessary to inquire whether, upon the death of the survivor of the two children, the remainder in fee reverted to the grantor or vested in the heirs of Christina Hammet, and I reach the latter conclusion upon the authority of Van der Volgen v. Yates, supra. If I am correct in the foregoing views, it follows that the plaintiff acquired by descent an undivided one-half part or share in the premises in question, and that by descent and devise the defendants Marietta Josephine Kremm and Georgiana W. Kremm are entitled to a like share, unless their rights have been lost through the adverse possession of the plaintiff and her predecessors in title.

[3-5] I think that the plaintiff has failed to establish such adverse possession and for several reasons: First, as the plaintiff does not claim under or through Jacob Somerindyke, she cannot tack his adverse possession to her own. Smith v. Reich, 80 Hun, 287, 289, 30 N. Y. Supp. 167, affirmed 151 N. Y. 642, 45 N. E. 1134; Berkowitz v. Brown, 3 Misc. Rep. 1, 7, 23 N. Y. Supp. 792. Secondly, the estate claimed by Jacob Somerindyke was an estate for life, and his possession under such claim cannot be availed of in support of the plaintiff's claim to title in fee. Bedell v. Shaw, 59 N. Y. 46, 50; De Lancey v. Hawkins, 23 App. Div. 8, 49 N. Y. Supp. 469, affirmed 163 N. Y. 587, 57 N. E. 1108; Doherty v. Matsell, 119 N. Y. 646, 23 N. E. 994. Thirdly, the possession of Jacob Somerindyke and of the plaintiff was not continuous, but was interrupted by the hostile possession of his daughters. Kellum v. Corr, 149 App. Div. 200, 210, 133 N. Y. Supp. 784; Bliss v. Johnson, 94 N. Y. 235, 242.

It follows that the plaintiff must be adjudged to be seised of an undivided one-half part of the premises only, and the defendants Marietta Josephine Kremm and Georgiana W. Kremm of the other undivided one-half part, subject to the dower right of their mother. The findings have been passed upon as indicated on the margins. Submit for my signature upon two days' notice of presentation a complete decision embodying a direction for judgment in the form requested by the defendants Kremm, with proof of service on the other side.