SAMUEL E. KELLY, Respondent, v. GEORGE LEARY CONSTRUCTION COMPANY, Appellant.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and defendant's motion to dismiss the complaint for lack of prosecution granted, with ten dollars costs. In our opinion, the plaintiff's failure to restore the cause to the trial calendar between March 10, 1926, and August 23, 1932, was unreasonable and without justification. Lazansky, P. J., Young, Carswell and Tompkins, JJ., concur; Scudder, J., not voting.

LOUIS KRONMAN, Appellant, v. THERESA KRONMAN and Others, Defendants, Impleaded with JACOB SCHOENBURG, Respondent.— Order modified by striking from the last paragraph thereof the words " unless the said defendant states under oath his inability to supply the information in compliance with the order heretofore directed," and by striking out the comma immediately preceding the word " unless " and inserting in place thereof a period. As so modified the order is affirmed, with ten dollars costs and disbursements to appellant. No opinion. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

ANTHONY F. MARINO, Respondent, v. VIRGINIA STRAUB MARINO, Appellant.— Order denying defendant's motion for judgment on the pleadings affirmed, without costs. No opinion. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

ANNA C. McDERMOTT, Respondent, v. JACOB J. McDERMOTT, Appellant.— Order granting motion for counsel fee and temporary alimony modified so as to provide that the alimony be reduced to $100 a week and the counsel fee to $1,250, and as so modified affirmed, without costs. No opinion. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

RALPH H. MELBOURN and BARBARA MELBOURN, Respondents, v. FRANK KUKLA and MARIA KUKLA, Appellants.— Judgment unanimously affirmed, with costs. If the parties cannot agree, defendants may move to apply at the foot of the judgment to have damages awarded in lieu of the direction to remove the shingles. Mere sequence of possession in several grantors is insufficient in the absence of credible proof or testimony of an intent on the part of the several grantors to convey to the several grantees the land not expressly included in each description in the several conveyances. (Smith v. Reich, 80 Hun, 287; affd. on opinion below, 151 N. Y. 642.) There was such proof in Belotti v. Bickhardt (228 N. Y. 296) as distinguished that case from the line of cases of which Smith v. Reich (supra) is typical. That case did not concern vacant land but concerned a considerable portion of a substantial structure. Here during the twenty-year period a mere vacant strip is involved except a small section of an unsubstantial shack or shed on the rear of the property. Moreover, the testimony amply sustains the findings of the trial court that each successive grantor did not intend to convey to his respective grantee anything other than the plot contained within the description by metes and bounds in the respective deeds. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.