## Fourth Department, June, 1957

### (June 19, 1957)

■ George J. Meerhoff, Respondent, v. Helen T. Rouse, Individually and as Administratrix of the Estate of Deloss Rouse, Deceased, Appellant.— Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs, and relief granted to the defendant in accordance with the memorandum. Certain findings of fact disapproved and reversed and new findings made. Memorandum: This is an action of ejectment in which plaintiff claimed title to the disputed area by adverse possession, and defendant counterclaimed for a determination of a claim to real property (Real Property Law, art. 15). We think that plaintiff's attack on defendant's record title must fail. Plaintiff relies chiefly on a certain fence, which, however, was in disrepair during most of its existence and could not be regarded as a "substantial inclosure" (Civ. Prac. Act, § 40). It was originally erected in the most convenient place and was never regarded by defendant or plaintiff's predecessors in title as a line fence. Furthermore, plaintiff's claim, not having been asserted continuously and adversely for 15 years, depended upon "tacking", which is not permissible in this case for two reasons. (1) Plaintiff's predecessors never asserted a claim of right to the disputed area; (2) The deed to plaintiff excluded that area. Plaintiff, therefore, was not in privity of title with his predecessors as to the parcel in issue (Rogoff v. Vanderbilt Sons Corp., 263 App. Div. 841, affd. 290 N. Y. 666; Smith v. Reich, 80 Hun 287, affd. on opinion below 151 N. Y. 642; Staples v. Schnackenberg, 148 App. Div. 161; Melbourn v. Kukla, 237 App. Div. 834). The judgment should be reversed, the complaint dismissed, and judgment awarded to defendant on the first affirmative defense and counterclaim contained in the answer. All concur. (Appeal from a judgment of Chautauqua Trial Term for plaintiff in an action in ejectment.) Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.

■ Marion L. Di Giulio, Respondent, v. Hugo Di Giulio, Appellant.— Judgment insofar as appealed from affirmed, with costs. All concur. (Appeal from part of a judgment of Erie Equity Term for plaintiff in an action to impress a trust.) Present — McCurn, P. J., Vaughan, Kimball, Bastow, and Goldman, JJ.

■ James Simms, Appellant, v. Walter Scott, Respondent.— Judgment affirmed, with costs. All concur. (Appeal from a judgment of Monroe County Court for defendant for no cause of action in an automobile negligence action.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.