Harold Tessler, J.
This is an action for a declaratory judgment to adjudge that the plaintiffs have a prescriptive easement over a driveway located between plaintiffs’ and defendant’s dwellings. In addition, plaintiffs seek the removal of a fence erected by the defendant and money damages.
Plaintiffs are the owners of 171 Banbury Boad, Mineóla, and acquired the property by deed dated January 10, 1946, and recorded January 11, 1946, from Julius Boman. The latter acquired title by deed dated December 28, 1945, and recorded December 31,1945, from Edward J. Boman and Beatrice Boman, who were the owners of said property since 1937. Defendant acquired title to 175 Banbury Boad by deed dated June 30,1959, and recorded July 2,1959. None of the deeds contain any reservations or easement regarding the driveway in question, and the respective properties are not conveyed subject to any easement in favor of plaintiffs ’ property. In fact it is conceded by the plaintiffs that the right to said driveway asserted by them is not predicated upon any existing easement but is based on a prescriptive right and on the ground of necessity.
The driveway between the two houses is approximately 19 feet in width, 8.3 feet being the distance between plaintiffs’ dwelling and their westerly property line and 10.8 feet being the distance from the defendant’s dwelling and her easterly property line. The plaintiffs ’ house has a side entrance porch and overhead cupola which projects out into the 8.3 feet mentioned above, so as to reduce that distance by about 3 feet for passage purposes. It is unquestioned that the driveway was constructed by the parties’ predecessors in title in the 1920’s. Just who constructed same and what, if any, arrangements were made as to its use does not appear from the evidence brought forth at the trial.
*728 Shortly after defendant purchased her property, she constructed a chain link fence located approximately 3 inches inside her easterly boundary line, the fence being 3% feet in height and running all the way back to the rear property line of her premises.
Plaintiff Murray Jacobs and two disinterested witnesses, all three of whom lived in this immediate vicinity for more than 20 years, testified that they saw these premises almost daily and observed the occupants of both dwellings drive cars over the driveway to and from the garages located in the rear of each dwelling. The defendant herself testified that, prior to her buying her present premises, she lived down the block at 150 Banbury Road for 18 years and passed the subject premises almost daily and that she observed the cars of the plaintiffs and their predecessors in title, and the car of Kessler, the previous occupant of defendant’s premises, passing over the driveway to and from the garages. A witness called by the defendant, one Alice Malinawskas, who was a roomer in the defendant’s premises from August, 1955 to September, 1959, testified that while there she had a car and used the driveway. This witness made the point that she did not have to use the portion west of defendant’s property line, but admitted that on occasion she probably did run over the plaintiffs’ side. The defendant offered no proof to indicate that the use of the driveway by the plaintiffs and their predecessors in title was either permissive, conditional or by virtue of a license.
There is no dispute about the fact that the plaintiffs, their predecessors in title and the defendant’s predecessors for many years (more than 15) reciprocally used the driveway for ingress and egress. There is no proof whatever that any of defendant’s predecessors, at any time, objected to the use by plaintiffs and their predecessors. In the court’s opinion the rule of law as laid down in the case of De Forrest v. Bunnie (201 Misc. 7, affd. 280 App. Div. 1035) is clearly applicable to the case at bar: ‘ ‘ Reciprocal use of a strip along a common boundary line, comprised of land on both sides, pursuant to an oral or implied agreement, and used as a drive, or passageway, for a period of fifteen years may ripen into an easement. Each owner, by the use of his adjoining neighbor’s portion of the way, asserts an adverse right in the portion of the way lying on the other’s land. (Nicholls v. Wentworth, 100 N. Y. 455; Townsend v. Bissell, 4 Hun 297; Johnson v. Whelan, 171 Okla. 243.) ”
In this case the evidence clearly shows that the use by the plaintiffs and their predecessors in title was continuous, without hindrance or objection, open and notorious and unquestion *729 ably with the knowledge of defendant’s predecessors for more than 15 years. The only arguable issue would appear to be whether such use was adverse in character. The instant case is almost identical with that of Hildreth v. Goodell (280 App. Div. 278, 280) where the court stated: “ And there is no proof from which it can be fairly inferred that such user in its inception was permissive in character. Thus the situation fits the pattern of the rule that adverse user may be inferred from the reciprocal use of a strip of land for driveway purposes. A presumption is created under such circumstances that the use was adverse in character and the burden is cast on the owner of the alleged servient tenement to come forward with an explanation that will rebut the presumption — such for instance as proof of a license ”.
This principle is further enunciated in Colburn v. Marsh (68 Hun 269) and Hammond v. Zehner (21 N. Y. 118) and is a well-established rule of law.
The defendant herein has offered no testimony or proof of any kind to meet the burden upon her to rebut the presumption of adverse user, which presumption in the court’s opinion is clearly applicable to these plaintiffs.
It should be pointed out at this point that the plaintiff Murray Jacobs testified, and such testimony was uncontradicted, that on occasion he filled in holes and placed dirt and gravel in the driveway including that portion belonging to the defendant, thus exercising some small degree of maintenance and control over it.
Defendant contends that plaintiffs have no necessity for a right of way over part of her land because plaintiffs have adequate width of their own property to drive their car to and from their garage in the rear. This contention, is not supported by the proof and physical facts. Plaintiffs have 8.3 feet (approximately 100 inches) from the house itself to their westerly property line. Plaintiffs’ car measures 79 inches and in general modern day cars measure 80 to 82 inches in width. This leaves the plaintiffs at best 10 to 11 inches on each side to maneuver a car over the driveway into the garage. In the court’s opinion (keeping in mind that the driver would have to drive backwards going in or going out), negotiating this driveway would be a feat impossible óf performance. Furthermore, this does not take into consideration the projection of the side porch and cupola into the driveway, a distance of approximately three feet. Assuming the impossible could be accomplished, the plaintiffs would first be compelled to remove the side porch and cupola and probably remodel the entrance and affected area. This court cannot believe that equity should permit such compulsion to be visited upon the plaintiffs herein.
*730 Defendant contends that the plaintiffs cannot “ tack on” their use of 14 years to that of their predecessors in title. The law is clear that one claiming under adverse possession or user may effectively assert that claim even though his own period of use or possession is .not long enough to make up the required statutory period. So long as there is privity between that claimant and his predecessors in a continuous chain, the right may be asserted by “ tacking” on to his own the predecessors’ use or possession. This privity can be established by conveyance or other ways. (Belloti v. Bickhardt, 228 N. Y. 296; Lewis v. Idones, 280 App. Div. 980; Barnes v. Light, 116 N. Y. 34; Bernat v. Echo Soc. of Niagara Falls, N. Y., 7 N Y 2d 914.)
On the evidence in this case, the plaintiffs have sufficiently established the privity contemplated and necessary to enable them to 1 ‘ tack ” on to their use that of their predecessors in title.
Upon all of the evidence, I am of the opinion that there was a reciprocal use of the property for driveway purposes by the plaintiffs and the predecessors in title of both parties for more than the required statutory period of 15 years. This exclusive and actual use by the plaintiffs and their predecessors was continuous and uninterrupted, open and notorious, hostile and under claim of right and consequently ripened into an easement. Plaintiffs are, therefore, entitled to the continued use of the driveway for purposes of ingress and egress, and further, they are entitled to such use without interference by the defendant. It is elementary that a right of way acquired by prescription carries with it the right to remove any obstruction that may interfere with this enjoyment. (McMillan v. Cronin, 75 N. Y. 474.)
Accordingly, the defendant is to be restrained from interfering with or depriving the plaintiffs and their successors in title of the use of the common driveway, and further, the defendant is directed to remove the fence erected by her in the said driveway within seven days after service of a copy of the judgment to be entered herein with notice of entry thereof. Enter judgment on notice, with costs.