■ MURRAY JACOBS et al., Respondents, v. FRANCES LEWICKI, Appellant.— In an action to establish by prescription a driveway easement over a portion of defendant's property and to enjoin interference with such easement, defendant appeals from a judgment of the Supreme Court, Nassau County, rendered July 22, 1960, after a nonjury trial, declaring the existence of such easement and directing defendant to remove a fence erected by her in the driveway. Judgment reversed on the law and the facts, without costs, and complaint dismissed. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. The parties are owners of adjoining properties, on each of which is a dwelling with a garage in the rear. Between the dwellings is an unpaved driveway 19.27 feet in width, of which 8.39 feet is on plaintiffs' property and 10.88 feet is on defendant's property. In our opinion, the evidence does not establish reciprocal adverse user by the adjoining landowners, or that the use of the disputed portion of the driveway by plaintiffs and their predecessors in title was adverse and under a claim of right (*Kopp* v. *Niemetz,* 11 A D 2d 739; *Norwick* v. *Edelman,* 204 Misc. 915, 917, and cases cited). Nor can plaintiffs "tack" their alleged adverse user of 13½ years onto that of their predecessors in title to make up the required 15 years, since the deed to plaintiffs does not contain the alleged driveway easement, and there is no proof that their grantor intended to include such easement therein (*Melbourne* v. *Kukla,* 237 App. Div. 834; *Rogoff* v. *Vanderbilt Sons' Corp.,* 263 App. Div. 841, affd. 290 N. Y. 666; *Van Roo* v. *Van Roo,* 268 App. Div. 170, 175, affd. 294 N. Y. 731; *Meerhoff* v. *Rouse,* 4 A D 2d 740). Beldock, Acting P. J., Ughetta, Kleinfeld and Pette, JJ., concur; Brennan, J., concurs in the result. [24 Misc 2d 726.]