■ SANDRA K. COLNES, Appellant, v THOMAS F. COLLIGAN et al., Respondents.—In an action pursuant to RPAPL article 15,

*inter alia,* for a determination of the plaintiff's claim to certain real property by adverse possession, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Donovan, J.), entered January 12, 1989, which denied her motion for partial summary judgment, and (2) a judgment of the same court, entered April 5, 1990, which, upon a ruling granting the defendants' motion to dismiss the complaint, made at a nonjury trial at the close of the plaintiff's case, is in favor of the defendants and against her dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

In 1986, the plaintiff purchased property known as 15 Hayward Place, in Rye, New York, from Dyane and Gregory Waldron. The Waldrons had purchased the property in 1982 from a Mrs. Gedney. In June 1987 the defendants, who lived next door to the plaintiff, dug up a portion of the plaintiff's driveway which encroached approximately three feet upon their property. The plaintiff commenced this action, *inter alia,* for a judgment awarding her title by adverse possession to the disputed portion of the driveway. After the plaintiff's motion for partial summary judgment in her favor was denied, the case proceeded to trial. The court granted the defendants' motion to dismiss the complaint at the close of the plaintiff's case.

We conclude that the complaint was properly dismissed. Adverse possession of property is established by proof that the possession was hostile and under claim of right, actual, open and notorious, exclusive and continuous for the statutory period of 10 years *(see, Belotti v Bickhardt,* 228 NY 296; *McLean v Ryan,* 157 AD2d 928; 1 Warren's Weed, New York Real Property, Adverse Possession, § 2.04 [4th ed]; RPAPL 521).

Since the plaintiff purchased the premises in 1986, and therefore had not asserted her claim for the statutory period, it was necessary to tack on the alleged adverse use of the

property by her predecessors in interest. However, in order to establish adverse possession for the statutory period by successive persons and for successive periods, it is necessary to show that possession continued by an unbroken chain of privity between the adverse possessors *(Meerhoff v Rouse,* 4 AD2d 740; 1 Warren's Weed, New York Real Property, Adverse Possession, § 5.04 [4th ed]). Although a survey indicated that the driveway had encroached on the defendants' property since at least 1967, the Waldrons signed an agreement with the defendant Thomas Colligan in which they acknowledged that their driveway encroached on the defendants' property and agreed not to make an adverse claim to that portion of the property. Mrs. Waldron testified that she told the plaintiff at the time she purchased the property that part of the driveway belonged to the defendants. Since the evidence established that the Waldrons, the plaintiff's predecessor in interest, did not assert a claim to that portion of the defendants' property and that their use of the property was permissive, the complaint was properly dismissed *(see, Boumis v Caetano,* 140 AD2d 401; *Susquehanna Realty Corp. v Barth,* 108 AD2d 909; *Meerhoff v Rouse, supra).* Sullivan, J. P., Balletta, Eiber and O'Brien, JJ., concur.