■ DEMETRIOS BOUMIS, Also Known as JAMES BOUMIS, et al., Appellants, v DONALD P. CAETANO et al., Respondents.

The parties own neighboring residential lots in North Tarrytown. The houses on the lots are separated by an alley less than six feet wide. Behind the alley and the houses are the respective backyards. From 1956 to 1985 a wire fence, erected by the defendants' predecessors-in-title, stood in the backyard behind the defendants' house, slightly on the defendants' side of the mutual property line. The fence did not extend into the alley. In 1985, the defendants replaced the old wire fence with a new fence. The defendants extended the new fence through the alley, creating two corridors which provide separate access to the backyards.

The plaintiffs claim that the portion of the fence in the alley interferes with a prescriptive easement they obtained in

the alley. They also claim that the portion of the fence in the rear yard is on property to which they acquired title by adverse possession.

The plaintiffs must meet a high standard of proof to establish adverse possession and an easement by prescription *(see, Rusoff v Engel,* 89 AD2d 587; *Battista v Pine Is. Park Assn.,* 28 AD2d 714, 715).

To acquire an easement by prescription, the use must be adverse, open and notorious, continuous, and uninterrupted for the requisite time period. An open, notorious, uninterrupted and undisputed use of a right-of-way is presumed to be adverse or hostile and casts the burden on the owner of the servient tenement to show that the use was by license *(Di Leo v Pecksto Holding Corp.,* 304 NY 505; *Susquehanna Realty Corp. v Barth,* 108 AD2d 909). At bar, the plaintiffs' claims depend on tacking (the adding of the period of the plaintiffs' possession to that of their predecessor-in-title under whom they claim), but the proof at trial, especially the testimony of the plaintiffs' tenant who had lived on the premises for 20 years, established that the relationship of the plaintiffs' predecessor-in-title with the defendants and their predecessors-in-title was one of cooperation and neighborly accommodation. Such a relationship gives rise to an inference of permission in the use of the right-of-way *(Susquehanna Realty Corp. v Barth, supra).* Moreover, the inference of license is supported by the defendant Donald Caetano's testimony that the plaintiffs asked for and received his permission to use the alley for maintenance tasks. Because the defendants rebutted the presumption of hostility and because the plaintiffs did not provide direct proof of hostile use, we conclude that the plaintiffs have not carried their burden of establishing by clear and convincing evidence that they obtained a prescriptive easement *(cf., Borruso v Morreale,* 129 AD2d 604). In so finding, we do not rely on the objected-to testimony of the defendant Donald Caetano about his friendship with the plaintiffs' deceased predecessor-in-title, which, as the plaintiffs correctly contend, was improperly admitted *(see,* CPLR 4519; Richardson, Evidence § 402, at 389-390 [Prince 10th ed]).

We also conclude that the plaintiffs have not carried their burden of proving that they acquired title to the backyard strip by adverse possession. Although it is uncontroverted that the old wire fence was within the defendants' property line, the fence was in disrepair and there was no showing that the plaintiffs' predecessor-in-title and the defendants' predecessors-in-title regarded the fence as a line fence, or that the

plaintiffs' predecessor ever asserted a claim of title to the presently disputed area or enclosed it *(see,* RPAPL 521, 522; *Rusy-Bohm Post No. 411 v Islip Enters.,* 5 AD2d 774, *affd* 5 NY2d 856; *Meerhoff v Rouse,* 4 AD2d 740). In any event, the plaintiffs would not be entitled to replacement of the old fence because the old fence was erected by the defendants' predecessors-in-title on their own property. In addition, the plaintiffs would not be entitled to removal of the backyard portion of the defendants' new fence because they failed to prove that the new fence was not in the same spot as the defendants' old fence. The surveyor called by the plaintiffs did not testify to the location of the new fence and the fencing contractor's testimony made clear that he had no personal knowledge of the location of the fence and that the sketch of the fence on the contract was not accurate. On the other hand, Donald Caetano unequivocally testified that the new fence was in the same place as the old fence. We therefore conclude that the plaintiffs' claims were properly dismissed. Thompson, J. P., Kunzeman, Rubin and Harwood, JJ., concur.