GARY C. WOODROW et al., Respondents, v LEON E. SISSON et al., Appellants.—Mikoll, J. Appeal from an order and judgment of the Supreme Court (Mugglin, J.), entered November 21, 1988 in Otsego County, which, inter alia, granted plaintiffs' motion for summary judgment and declared them to be the owners of a disputed parcel of land.

Plaintiffs purchased a parcel of land of approximately five acres in the Town of Maryland, Otsego County, in August 1969 from Fred Liedkie. Prior to the sale, Liedkie showed plaintiff Gary C. Woodrow the boundaries of the parcel being purchased by walking the property line with him. This parcel included a one-half acre area known as the "Schoolhouse Lot". However, the deed given to plaintiffs indicated that the Schoolhouse Lot was part of the boundary of, but not included in, plaintiffs' property.

Subsequently, in 1978 defendants purchased from Liedkie a parcel of land adjoining plaintiffs' property. Defendants' deed indicated that plaintiffs' property included the Schoolhouse

Lot. In 1985, defendants had their land surveyed and discovered that the surveyor could find no record of the title owner of the Schoolhouse Lot. Defendants located the last record owner of the Schoolhouse Lot and apparently purchased the Schoolhouse Lot from them for $1 according to the recorded deed. By letter dated May 30, 1985, defendants informed plaintiffs that defendants were the owners of record of the Schoolhouse Lot and told plaintiffs to refrain from using it. Plaintiffs, by mowing the lawn and removing trees, had continuously maintained the Schoolhouse Lot since they took possession of their parcel of land in August 1969. However, after receiving the May 30, 1985 letter they did not thereafter enter upon the disputed lot.

Plaintiffs commenced the instant action seeking a judgment declaring them to be the owners of the Schoolhouse Lot. Plaintiffs' subsequent motion for summary judgment declaring them owners of the subject property based on the pleadings, affidavits, documents and examinations before trial was granted. This appeal ensued.

The judgment of Supreme Court should be affirmed. Plaintiffs demonstrated that they acquired ownership of the Schoolhouse Lot by adverse possession. There are no issues of fact remaining requiring a trial.

To sustain a claim of title by adverse possession in this State, a party must establish the possession to be (1) hostile and under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for 10 years (see, RPAPL 511; *Brand v Prince*, 35 NY2d 634, 636; *Armour v Marino*, 140 AD2d 752, 753; see also, *Castle Assocs. v Schwartz*, 63 AD2d 481, 487). Plaintiffs have established these elements by clear and convincing evidence (see, *Rusoff v Engel*, 89 AD2d 587) and by refuting the presumption of possession from legal title (see, RPAPL 311).

In the circumstances of this case plaintiffs' possession of the disputed Schoolhouse Lot, based on their mistaken reliance on the oral description of its boundaries by Liedkie, creates a presumption that the possession is hostile despite the lack of open acts of hostility (see, *Sinicropi v Town of Indian Lake*, 148 AD2d 799).

There is also sufficient evidence to demonstrate that plaintiffs occupied the Schoolhouse Lot under a claim of right. Plaintiffs believed they owned the parcel in question and claimed and maintained it as their own even though it was not included in the description in their deed. Moreover, in

view of defendants' failure to present any credible evidence that plaintiffs did not claim the parcel as their own, plaintiffs' claim of right was not required to be a valid or rightful claim under plaintiffs' deed (see, 2 NY Jur 2d, Adverse Possession, § 20, at 327-328).

Plaintiffs proved their actual entry on and possession of the disputed parcel. They constantly maintained the lot by mowing it and removed trees, establishing its usual cultivation as required by RPAPL 522 (1) (see, Campano v Scherer, 49 AD2d 642, 643; see also, Mastin v Village of Lima, 86 AD2d 777).

No credible evidence was presented that there was any interruption in plaintiffs' possession and use of the property from August 1969 through the date in 1985 when they received defendants' letter advising them that defendants had acquired a deed to the Schoolhouse Lot. Thus, title to the disputed parcel was shown to have vested in plaintiffs in 1979 after 10 years of possession (see, CPLR 212 [a]).

Defendants' contention that questions of fact were raised requiring a jury trial is without merit. Summary judgment may properly be granted in an action for adverse possession where, as here, no material issues of fact have been raised (see, e.g., Melzer v Robbins, 60 NY2d 582; see also, Peloke v Scheid, 135 Misc 2d 606). Defendants did not produce sufficient evidentiary proof in admissible form to defeat plaintiffs' motion for summary judgment (see, Zuckerman v City of New York, 49 NY2d 557, 562).

Order and judgment affirmed, with costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.