■ MAYFLOWER CENTER, INC., et al., Appellants, v RICHARD SANTO et al., Respondents.—In an action to recover damages for the breach of certain restrictive covenants contained in a franchise agreement, the plaintiffs appeal (1) from an order of the Supreme Court, Kings County (Ventiera, J.H.O.), dated May 18, 1989, which, upon the granting of the defendants' motion for judgment as a matter of law, made at the close of the plaintiffs' case during a nonjury trial, dismissed the amended complaint, and (2) from so much of an order of the same court, dated October 18, 1989, as upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated May 18, 1989, is dismissed, as that order was superseded by the order dated October 18, 1989, made upon reargument; and it is further,

Ordered that the order dated October 18, 1989, is reversed insofar as appealed from, on the law and as a matter of discretion, the order dated May 18, 1989, is vacated, the plaintiffs' amended complaint is conformed to the proof adduced by them at the trial, and the amended complaint is reinstated; and it is further,

Ordered that the matter is remitted to the Supreme Court, Kings County, for further proceedings; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

After the plaintiffs had adduced their evidence, the Judicial Hearing Officer to whom this matter had been referred granted the defendants' oral motions to dismiss the amended complaint. In his written decision dated January 10, 1989, the Judicial Hearing Officer held that dismissal of the amended complaint was warranted because the plaintiffs' evidence did not support any of the theories which had been specifically pleaded. However, stating that "[i]t is possible that the plaintiffs may still be able to frame a complaint which will state a cause of action * * * to recover damages for breach of [contract]", the Judicial Hearing Officer granted the plaintiffs 20 days within which to serve a further amended complaint.

The decision dated January 10, 1989, directed the settlement of an order; however, no order based upon this decision was ever settled, at least as far as we can determine based upon the present record. No further amended complaint was served.

By order dated May 18, 1989, the Judicial Hearing Officer dismissed the plaintiffs' amended complaint "with prejudice". The Judicial Hearing Officer, in a subsequent order dated October 18, 1989, granted a motion for reargument, but adhered to its earlier determination. These appeals followed.

The Judicial Hearing Officer erred, or at the very least, improvidently exercised his discretion, by dismissing the plaintiffs' amended complaint on the ground that the causes of action *proved* by the plaintiffs had not been properly *pleaded.* Considering that the amended complaint upon which this matter proceeded to trial provided the defendants with fair notice of the true nature of the plaintiffs' claims, and considering further the absence of any significant prejudice, we conclude that the pleadings should have been further amended at the conclusion of the plaintiffs' presentation of their evidence, so as to conform them to the proof *(see,* CPLR 3025 [c]; *Murray v City of New York,* 43 NY2d 400, 405).

Although we are of the opinion that the plaintiffs did adduce proof sufficient to establish a prima facie case against both Richard Santo and Theresa Santo, the potential liability of the former being premised on his breach of contract and the potential liability of the latter being premised on intentionally interfering with a contractual relationship, we need not express any opinion at this point as to whether the *weight* of the evidence should entitle them to judgment in their favor. Also, the defendants may wish to adduce proof on their behalf. Under these circumstances, the matter should be remitted to the Supreme Court, Kings County, for further proceedings, in order to allow the Judicial Hearing Officer to receive whatever evidence the defendants may wish to offer, and to then make factual determinations in accordance with the weight of the evidence. Mangano, P. J., Bracken, Kunzeman and Miller, JJ., concur.