■ BERTHA L. DEUEL, Appellant, v WILLIAM McGILTON et al., Respondents. [605 NYS2d 474] —Casey, J. Appeal from an

order of the County Court of Chenango County (Dowd, J.), entered January 13, 1993, upon a decision of the court in favor of defendants.

Plaintiff commenced this action to recover possession of a disputed strip of land and to recover damages. The parties stipulated that plaintiff is the record owner of the disputed strip of land and that defendants' claim is under color of title. The parties also stipulated that defendants and their grantor used the driveway on the disputed strip for 10 or more years. Based upon the stipulated facts and the evidence presented by the parties at a nonjury trial, County Court concluded that defendants had established their right to title of the disputed strip by adverse possession and that plaintiff had failed to establish that the damage to her garage was caused by defendants or their agents.

On this appeal, plaintiff contends that defendants failed to show the hostility required for adverse possession. To establish their claim, defendants were required to show that their possession was actual, hostile and under a claim of right, open and notorious, exclusive and continuous for the statutory 10-year period (see, Brand v Prince, 35 NY2d 634, 636). The parties' stipulation and trial evidence establish that defendants' grantor entered the disputed strip of land under a claim of right based upon a written instrument and that defendants and their grantor continuously used the driveway on the property in conjunction with the operation of their store for 10 or more years. In these circumstances, hostility is presumed and the burden shifted to plaintiff, as the record owner, to produce evidence rebutting the presumption of adversity (see, Porter v Marx, 179 AD2d 962, 963; Levy v Kurpil, 168 AD2d 881, 883, lv denied 77 NY2d 808). Plaintiff's testimony that she gave permission to use the driveway to defendants' grantor was contradicted by the grantor's testimony, creating a question of fact which County Court resolved in defendants' favor. We see no basis in the record for disturbing County Court's factual findings and conclusions on the adverse possession issue.

On plaintiff's claim for damages, the parties presented conflicting expert testimony as to whether the excavation work by defendants' agents caused the damage to plaintiff's garage. Again, we see no basis in the record for disturbing County Court's resolution of the credibility issue created by the conflicting testimony. The order should, therefore, be affirmed, but in view of the failure of defendants' attorney to

comply with this Court's rule regarding the filing of a respondent's brief, we will assess costs against defendants' attorney *(see, Matter of Commissioner of Columbia County Dept. of Social Servs. v Peter JJ.,* 192 AD2d 768).

Mikoll, J. P., Yesawich Jr. and Mercure, JJ., concur. Ordered that the order is affirmed, with costs to plaintiff.