■ MICHAEL J. YAMIN, Respondent, v THOMAS F. DALY, JR., et al., Appellants. [613 NYS2d 300] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Canfield, J.), entered April 5, 1993 in Rensselaer County, upon a decision of the court in favor of plaintiff.

Plaintiff brought this action and defendants counterclaimed for judgment pursuant to RPAPL article 15 determining title to a strip of property (hereinafter the property) fronting on Woodlawn Court in the City of Troy, Rensselaer County. It is undisputed that the property comprises a portion of a parcel owned by plaintiff at Pawling Avenue and Woodlawn Court in

Troy and is located at a rear corner thereof. A gravel driveway on defendants' adjoining parcel passes over a small portion of the property and the balance is characterized by a steep bank covered with shale and gravel, inclining up to and providing lateral support for plaintiff's higher fenced-in yard. Defendants' claim to the property, as limited by their brief, is based upon adverse possession. Following a nonjury trial, Supreme Court determined that defendants had failed to prove by the requisite clear and convincing evidence the elements of hostile possession of the property under a claim of right, actual possession, open and notorious possession, cultivation or improvement of the property, or continuous possession for the statutory period. Judgment was accordingly granted in favor of plaintiff. Defendants now appeal.

It is undisputed that, because defendants' counterclaims are predicated upon adverse possession under claim of title not written, they were required to establish by clear and convincing evidence that their possession was hostile and under claim of right, actual, open and notorious, exclusive and continuous for the statutory 10-year period (see, Brand v Prince, 35 NY2d 634, 636; Deuel v McGilton, 199 AD2d 737) and, in addition, that the property was either "usually cultivated or improved" or "protected by a substantial inclosure" (RPAPL 522 [1], [2]; see, Porter v Marx, 179 AD2d 962, 963; City of Tonawanda v Ellicott Cr. Homeowners Assn., 86 AD2d 118). We agree with Supreme Court that the proof fell far short, particularly with regard to the elements of usual cultivation or improvement of the property or its protection by a substantial enclosure. As for the bank area, other than conducting an annual garage sale partially on the property and depositing snow on it in the winter months, defendants established only that they took reasonable steps to keep the site presentable. When necessary, they trimmed weeds and brush, raked leaves, and removed trash and debris. Two trees were removed. The small area that could support grass (situated largely, if not entirely, within the highway right-of-way) was mowed. An occasional flower or plant was placed in another small area and some ground cover was at times established. The only claimed "improvement" of the driveway was winter snow removal and the filling of depressions with gravel as needed. The so-called "cultivation" of the bank involved but a small part of it (see, Van Valkenburgh v Lutz, 304 NY 95, 98) and the remaining acts fail to establish an improvement of the bank or driveway within the intendment of RPAPL 522 (1) (see, supra, at 99; Manhattan School of Music v Solow, 175 AD2d 106, lv dis-

*missed* 79 NY2d 820; *City of Tonawanda v Ellicott Cr. Homeowners Assn., supra,* at 122-123). In addition, plaintiff's placement of a security fence around the level portion of his parcel at the top of the bank does not support a finding that defendants "protected [the disputed property] by a substantial inclosure" (RPAPL 522 [2]; *see, Boumis v Caetano,* 140 AD2d 401).

Defendants' remaining contentions need not be considered.

Crew, White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.