■ WEINSTEIN ENTERPRISES, INC., Appellant-Respondent, v VINCENT CAPPELLETTI et al., Respondents-Appellants, JAMES S. LABATE, Respondent, et al., Defendants. [629 NYS2d 476] —In an action, *inter alia,* for a judgment declaring the rights of the parties with respect to property known as "Travelled Way", (1) Weinstein Enterprises, Inc., appeals and Foursome Partnership, Vincent Cappelletti, TJT Development Corporation and AFC Transfer Corporation separately cross-appeal from stated portions of a judgment of the Supreme Court, Putnam County (O'Brien, J.), entered January 8, 1993, which, *inter alia,* declared that Weinstein Enterprises, Inc., never acquired title to the disputed property known as "Travelled Way" and that for a distance of 150 feet from the easterly side of Bowen Road and for a width of 27 feet, Travelled Way is in the public domain under the jurisdiction of the Town of Kent in the County of Putnam, and (2) Weinstein Enterprises, Inc., appeals from an order of the same court, entered June 3, 1993, which denied its motion to resettle the decretal paragraphs of the judgment.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents-appellants Vincent Cappelletti, TJT Development Corporation, AFC Transfer Corporation, and Foursome Partnership.

The plaintiff's appeal from the order denying resettlement must be dismissed as no appeal lies from an order denying a motion to resettle the decretal paragraphs of a judgment *(see, Fischer v Luczak,* 198 AD2d 474).

The plaintiff contends that the trial court erred in unconditionally granting the defendants' post-trial motion to conform the pleadings to the proof because the evidence produced constituted surprise and unfairly prejudiced the plaintiff. We disagree. CPLR 3025 (c) provides that a court may permit pleadings to be amended so that they conform to the evidence produced at trial *(see,* Siegel, NY Prac § 404, at 611 [2d ed]). Courts freely permit such amendments as long as no party can claim prejudice or surprise because of it *(see, e.g., Murray v City of New York,* 43 NY2d 400, 405; *Peck v Tired Iron Transp.,* 209 AD2d 979; *Mayflower Ctr. v Santo,* 174 AD2d 558, 559; *cf., Schaefer v Guddemi,* 182 AD2d 808, 809). The plaintiff's contention on appeal that the question of its ownership of Travelled Way was suddenly raised at the end of the trial by the testimony of the defendants' expert witness is not supported by the record. The issue of ownership of Travelled Way first arose during the cross-examination of the plaintiff's first witness and continued to be an issue throughout the testimony of all of the subsequent surveyor witnesses presented by the plaintiff. Thus, the trial court correctly concluded that the plaintiff was on notice at the outset of the trial that it must prove ownership of the property at issue.

Furthermore, the plaintiff took advantage of the opportunity provided by the court to rebut the defendants' expert's testimony and at no time requested a continuance to conduct any further research. Thus, the only prejudice to the plaintiff's case arose from its own failure to produce evidence through a complete chain of title to prove fee simple ownership of the disputed property.

The plaintiff's alternate theory that it owns the disputed property by adverse possession is likewise without merit. Since the plaintiff's alternate claim of possession is predicated upon adverse possession under an unwritten claim of title, it was required to establish by clear and convincing evidence that its possession was hostile and under claim of right, actual, open and notorious, exclusive, and continuous during the statutory period *(see, Brand v Prince,* 35 NY2d 634, 636; *Yamin v Daly,* 205 AD2d 870, 871; *Deuel v McGilton,* 199 AD2d 737) and that

the property was either "usually cultivated or improved" or "protected by a substantial enclosure" *(see,* RPAPL 522; *Somerset R. R. Corp. v Owasco Riv. Ry.,* 69 NY2d 1023, 1025; *Yamin v Daly, supra,* at 871; *Porter v Marx,* 179 AD2d 962, 963; *City of Tonowanda v Ellicott Cr. Homes Assn.,* 86 AD2d 118; *see also, Boumis v Caetano,* 140 AD2d 401, 402-403). The plaintiff's unsubstantiated assertions that it posted signs for hunting purposes and improved Travelled Way "by a dirt road which was bounded on both sides by a stone wall in uneven state of repair" are insufficient evidence of usual cultivation or improvement to satisfy the statute *(compare, Yamin v Daly, supra; Manhattan School of Music v Solow,* 175 AD2d 106; *Pegalis v Anderson,* 111 AD2d 796; *Mastin v Village of Lima,* 86 AD2d 777; *City of Tonowanda v Ellicott Cr. Homes Assn., supra; Birnbaum v Brody,* 156 AD2d 408, 409; *Woodrow v Sisson,* 154 AD2d 829, 831). In addition, the acts asserted by the plaintiff do not satisfy the alternative requirement of protecting the property by a substantial enclosure *(see,* RPAPL 522 [2]; *Yamin v Daly, supra,* at 872; *Boumis v Caetano, supra,* at 402; *cf., Birnbaum v Brody, supra).*

The plaintiff's remaining contentions are without merit. Rosenblatt, J. P., Ritter, Joy and Krausman, JJ., concur.