■ James T. Phillips, Jr., Appellant, v George Sollami et al., Respondents. [632 NYS2d 859] —Peters, J. Appeal from an order of the Supreme Court (Demarest, J.), entered August 18, 1994 in St. Lawrence County, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff is the owner of real property which was purchased

in 1986 from Lester Schmohl. Defendant Bertha D. Barre (hereinafter Barre) and her husband purchased their adjoining parcel in 1974. The western boundary of plaintiff's parcel is the eastern boundary of Barre's parcel. Barre has continuously occupied and maintained such property as her sole residence. In 1986, while maintaining a legal interest, Barre transferred title to such property to her two daughters, defendants Sandra C. Barre and Camelia P. Washburn, and Barre's son-in-law, defendant George Sollami.

In November 1977, Barre began construction of an attached garage on the eastern portion of her property which was designed to follow the property's eastern boundary line. The garage was completed as planned in late 1980. While the garage was under construction, Barre installed a fence which was connected to the rear of the garage and ran down the eastern boundary of the property. The fence was fully completed in the late 1970s. Defendants added on additional portions of fence to the front of the garage and up the eastern boundary both in 1986 and in 1989. For their entire ownership, defendants contend that they maintained this property up to their eastern boundary line by mowing the grass and adding these improvements.

In March 1993, plaintiff commenced this action alleging that the garage and fence encroach approximately three feet upon his western boundary line. After completion of discovery, defendants moved to dismiss the complaint and for a declaration that they were entitled to the disputed strip of property by adverse possession. Plaintiff cross-moved to establish his ownership and compel the removal of these encroachments. Both parties submitted extensive documentary evidence. Supreme Court granted defendants' motion, dismissed the complaint and declared defendants the rightful owners of the parcel. Plaintiff appeals.

We note preliminarily that there was no error by Supreme Court in its treatment of the instant motion as one for summary judgment. Although it did not provide the parties with "adequate notice" of its intention to do so (see, CPLR 3211 [c]; *Mihlovan v Grozavu*, 72 NY2d 506; *Capital Wireless Corp. v Deloitte & Touche*, 216 AD2d 663), such error was not fatal since the parties clearly sought a summary disposition when they laid bare their proof (see, supra, at 797; *O'Dette v Guzzardi*, 204 AD2d 291; *Singer v Boychuk*, 194 AD2d 1049, *lv denied* 82 NY2d 657).

Based upon our review of the record, we find that defendants have submitted clear and convincing evidence of their entitle-

ment to this strip of property by adverse possession (*see, Garrett v Holcomb*, 215 AD2d 884, 885; *see also, Brand v Prince*, 35 NY2d 634, 636; *Village of Castleton-on-Hudson v Keller*, 208 AD2d 1006, 1008) and that since plaintiff failed to rebut such evidence sufficient to raise a triable issue of fact, the award of summary judgment was proper (*see, Sinicropi v Town of Indian Lake*, 148 AD2d 799, 800). By affidavits and dated receipts for materials, defendants have shown that the garage was completed by 1980 and that their use of such property from that time forward was open, notorious and continuous for the full statutory period. The presumption of hostility thereby arises (*see, Sinicropi v Town of Indian Lake, supra*, at 800; 2 NY Jur 2d, Adverse Possession, § 17, at 324-325) which was not overcome by plaintiff's proof. We further find that the requirements of RPAPL 522 (1) were amply satisfied by the construction of the garage (*see, Birnbaum v Brody*, 156 AD2d 408).

As to that portion of the fence connected to the rear of the garage and proceeding down the eastern boundary of the property, we find the affidavits of Barre and Sandra Barre, in conjunction with photographs, to have sufficiently established by clear and convincing evidence the requisite elements of both the common-law and statutory claim to adverse possession (*see, Morris v DeSantis*, 178 AD2d 515).

As to the last portion of the fence which was partially constructed in 1986 and completed in 1989, we do not find the existence of the fence sufficient to establish title to the disputed strip since it was not in existence for the requisite statutory period. However, other documentary evidence submitted by defendants establishes that from 1974 and thereafter, the entire property up to the eastern line was openly utilized and maintained by their mowing of the yard upon their mistaken belief that they rightfully owned the property. Noting that the type of cultivation or improvement sufficient to satisfy the requirements of RPAPL 522 (1) will vary with the character of the property (*see, Birnbaum v Brody, supra*; *Woodrow v Sisson*, 154 AD2d 829; *Mastin v Village of Lima*, 86 AD2d 777), we find that the defendants residential use of the strip has satisfied both the common-law and statutory predicates for their claim of adverse possession. We note the complete failure by plaintiff to offer any admissible evidence which would dispute these claims.

Mercure, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.