■ MINA ROBARGE, Respondent, v RICHARD H. WILLETT, Appellant. [636 NYS2d 938] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Mycek, J.), entered December 8, 1994 in Saratoga County, upon a decision of the court in favor of plaintiff.

In this adverse possession case, the parties have stipulated to the following facts. In January 1965, defendant purchased a parcel of land of approximately 50 acres on Miner Road in the Town of Corinth, Saratoga County, from plaintiff and her husband, who is now deceased. Defendant's deed, however, specifically retained a portion of the property to plaintiff and her husband. Subsequent to the sale, plaintiff's son showed defendant the boundaries of the parcel by walking the land with him. Plaintiff's son indicated that the property conveyed to defendant was located only on the north side of Miner Road and that the portion reserved by plaintiff and her husband was located on the south side of the road. It was the parties' understanding that the reserved portion on the south side consisted of 17 acres. Later surveys, however, revealed that 27 acres of land were on the north side of Miner Road with 39 acres on the south side of the road, and that the 17 acres reserved to plaintiff and her husband were in fact located on the north side of the road.

Although defendant posted the land on the north side of Miner Road in 1984 or 1985, it was not until 1991, after learning that his deed might also include land on the south side of the road, that defendant put up no trespassing signs on that property. Plaintiff then commenced this action alleging, *inter alia*, that she had acquired title to the disputed parcel by adverse possession. Supreme Court ruled in plaintiff's favor and defendant appeals.

We affirm. To sustain a claim of ownership by adverse possession, a party must establish, by clear and convincing evidence, that the possession was hostile and under a claim of right, actual, open and notorious, exclusive and continuous for 10 years (RPAPL 311; *see, Brand v Prince,* 35 NY2d 634, 636; *Rusoff v Engel,* 89 AD2d 587). Hostility, however, is presumed if the use is open, notorious and continuous for the full 10-year statutory period (*see, Sinicropi v Town of Indian Lake,* 148 AD2d 799, 800). Further, to prove hostility, all that is required is a showing that the possession infringed on the owner's rights, even if inadvertent or by mistake (*see, supra,* at 800). Here, defendant takes issue with the question of whether plaintiff's actions were hostile.

In our view, the evidence before Supreme Court clearly established that the possession was hostile and that it was open, notorious and continuous for the required period of time. From 1965 until 1991, plaintiff infringed on defendant's ownership rights such that he had a cause of action in ejectment (*see, Kappes v Ruscio,* 170 AD2d 743, 744). Plaintiff believed the land was hers and used it accordingly (*see, Woodrow v Sisson,* 154 AD2d 829, 830). Between 1965 and 1982, plaintiff and her husband cut firewood from the property. In addition, topsoil was removed on two occasions, timber was cut once in the 1970s and a vegetable garden was planted each summer. Plaintiff resided in a residence on the disputed parcel throughout the entire period and continues to reside there. Plaintiff's son drove motorcycles, dirtbikes and hunted on the parcel. No outward claim to the parcel was made by defendant until 1991 (*see generally, Tursi v St. Joseph's Sanatorium,* 133 AD2d 910); indeed, up until that time, he too believed that the parcel belonged to plaintiff. Based upon the parties' stipulated facts and under the circumstances herein, hostility was proven even accepting defendant's argument that proof of adverse possession by a grantor against a grantee must be stronger than where title is asserted against a stranger and that the grantor must show "unequivocal hostility" (2 NY Jur 2d, Adverse Possession, § 86). Supreme Court, therefore, properly determined that plaintiff acquired ownership of the disputed parcel by adverse possession.

Mikoll, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.