■ MOHAWK PAPER MILLS, INC., Respondent, v MARY COLA-RUOTOLO, Appellant. [681 NYS2d 868] —Cardona, P. J. Appeals (1) from an order of the Supreme Court (Kahn, J.), entered April 18, 1996 in Albany County, which partially granted plaintiff's motion for summary judgment, and (2) from a judgment of the Supreme Court (Donohue, J.), entered June 3, 1998 in Albany County, upon a decision of the court in favor of plaintiff.

The parties own contiguous parcels of property in the City of Cohoes, Albany County. Plaintiff's property is located directly to the north of defendant's parcel and both parcels are bounded by State Route 32 to the west and Interstate Route 787 to the east. In dispute is a rectangular strip between the two parcels that is approximately 40 feet wide by 170 feet long (hereinafter the disputed parcel) and a 40-foot wide easement approximately

206 feet in length across a portion of defendant's property along its northerly boundary. Plaintiff commenced this action to eject defendant from the disputed parcel and for a declaration that it is entitled to unrestricted use of the easement. Defendant answered, asserting as a counterclaim that she had acquired title to the disputed parcel by adverse possession. Plaintiff moved for summary judgment. Supreme Court partially granted plaintiff's application, holding that plaintiff was entitled to unrestricted use of the easement. Following a non-jury trial on the question of whether defendant had established adverse possession through "usual cultivation or improvement" during the requisite 10-year period (RPAPL 522 [1]), Supreme Court found in favor of plaintiff. Defendant appeals.

Initially, defendant claims that plaintiff's use of the easement should be limited to its past uses, which included service and maintenance of certain buildings, rather than its planned use as a main driveway. Language in the 1972 deed from plaintiff's predecessor-in-interest grants an unrestricted easement for "passage, ingress and egress". The 1951 deed from defendant's husband (since deceased) to himself and defendant reflects the existence of the same easement in favor of plaintiff's predecessor-in-interest in a deed dating back to 1919. Where, as here, the language of the grant contains no restrictions or qualifications and the purpose of the easement is to provide ingress and egress, any reasonable lawful use within the contemplation of the grant is permissible (*see, Ledley v D.J. & N.A. Mgt.*, 228 AD2d 482). We find, as a matter of law, that plaintiff's intended use of the right-of-way as a driveway is reasonable and lawful under the broad language of the grant. Accordingly, Supreme Court properly awarded summary judgment to plaintiff on this issue.

We now address defendant's claim that she acquired ownership of the disputed parcel through adverse possession. To sustain her claim, defendant was "required to establish by clear and convincing evidence that [her] possession was hostile and under claim of right, actual, open and notorious, exclusive and continuous for the statutory 10-year period * * * and, in addition, that the property was either 'usually cultivated or improved' or 'protected by a substantial inclosure'" (*Yamin v Daly*, 205 AD2d 870, 871, quoting RPAPL 522 [1], [2] [citations omitted]). "[T]he element of 'hostility' need not be supported by proof of enmity or literally hostile acts * * * All that is required is a showing that the possession actually infringes upon the owner's rights" (*Kappes v Ruscio*, 170 AD2d 743, 744 [citations omitted]; *see, Sinicropi v Town of Indian Lake*, 148 AD2d 799, 800).

Defendant asserts that her claim of adverse possession commenced in 1965. At about that time, plaintiff's predecessor-in-title erected a chain link fence running in an east to west direction upon the disputed parcel some 4 to 10 feet south of the property's northern boundary. The fence remained in that location until 1986 when plaintiff erected a new fence along the northern boundary of the disputed parcel. Inasmuch as the erection of the fence was not the result of defendant's conduct as an adverse possessor, it lacked the character of an open and notorious act of possession sufficient to place plaintiff's predecessors-in-title or plaintiff on notice of defendant's adverse claim to the property (*see, Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 160). Nor did that act give rise to a presumption of hostility (*see, Robarge v Willett*, 224 AD2d 746, 747). Therefore, the fence did not constitute a "substantial inclosure" within the meaning of RPAPL 522 (2) (*see, Yamin v Daly, supra*, at 872).

Defendant also claims that she acquired title by adverse possession through actual occupation based upon her family's "usual cultivation and improvement" (*see,* RPAPL 522 [1]) of the land by growing rotating vegetable crops and intermittently storing Christmas trees and equipment on it. We note that defendant's family began decreasing the commercial growing of outdoor crops on the disputed parcel in 1972 and stopped it altogether by 1975 or 1976. A greenhouse was not erected on the disputed parcel until 1987, well beyond the 10-year period under scrutiny and, in any event, less than five years before the commencement of the instant action. During the period after the growing of outdoor vegetables ceased and before the greenhouse was constructed, the disputed parcel was used to access other greenhouses. While a small section continued to be used as a seedbed and for the display of Christmas trees, that use does not amount to "cultivation" (*see, e.g., Yamin v Daly, supra*). Based upon our review of the record, we agree with Supreme Court that defendant's evidence fails to demonstrate that the usual cultivation of the disputed parcel continued for the full 10-year period beginning in 1965. Accordingly, we find no error in Supreme Court's determination that defendant failed to establish title to the disputed parcel by adverse possession and that plaintiff, as record owner, was entitled to judgment on its ejectment cause of action.

Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order and judgment are affirmed, with costs.