◼ FRANK J. PARILLO et al., Respondents, v LORRAINE R. PRUNIER, Appellant. [683 NYS2d 662] —Mercure, J. Appeal from an order of the County Court of Saratoga County (Scarano, Jr., J.), entered December 23, 1997, which, *inter alia*, denied defendant's cross motion for summary judgment dismissing the complaint.

Plaintiffs and defendant own adjoining residential parcels of real property in the Town of Malta, Saratoga County, both properties having been acquired in 1972.* In this action pursuant to RPAPL article 15, plaintiffs claim title by adverse possession to a portion of the land lying within defendant's deeded lot, which they allege has been improved by a corner of plaintiffs' driveway, a lawn and a portion of the leach field to plaintiffs' septic system since 1972. Shortly after they commenced the action, plaintiffs sought and obtained a preliminary injunction against defendant's maintenance of any physical obstructions on the premises. Thereafter, plaintiffs moved

---

* Defendant and her former husband originally took title to defendant's lot. Defendant has been the sole owner since 1983.

for an order holding defendant in contempt for violating the injunction and for an order compelling defendant to comply with plaintiffs' notice for discovery and inspection of the underground leach field; defendant cross-moved for summary judgment dismissing the complaint. County Court denied defendant's cross motion, ordered discovery and inspection of the leach field and, although denying the contempt motion, ordered defendant to remove all physical obstructions from the disputed property. Defendant appeals.

We affirm. Turning first to defendant's summary judgment motion, we conclude that plaintiffs raised a genuine factual issue for resolution by the trier of fact with their evidentiary submissions showing that from 1972 to 1992 they exercised dominion over the disputed property by using, maintaining and repairing the driveway, mowing, raking, fertilizing and seeding the lawn, having the lawn thatched and rolled every three years, watering the lawn with an in-ground lawn sprinkler system situated on plaintiffs' property, maintaining a portable kennel for their dogs, storing firewood, erecting a basketball goal, cutting down a tree, dumping debris and broken masonry and plowing snow from the paved area onto the unpaved area. Contrary to defendant's contention, the evidence proffered by plaintiffs was sufficient to create triable issues as to whether plaintiffs' possession of the disputed property was actual, open, notorious, exclusive and continuous for a period of 10 years (see, *Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159), and the consequential presumption of hostility (see, *Robarge v Willett*, 224 AD2d 746, 747) created a factual issue with regard to that element as well. Further, because the type of cultivation or improvement necessary to satisfy the "usually cultivated or improved" requirement of RPAPL 522 (1) varies with the character of the property (see, *Phillips v Sollami*, 220 AD2d 946, 948), we conclude that plaintiffs' showing of a residential use of this residential property was sufficient to raise an issue of fact in that regard (see, *Woodrow v Sisson*, 154 AD2d 829, 831). Patently, defendant's proffer of conflicting evidence did not serve to eliminate factual issues from the case.

Finally, we conclude that County Court did not abuse its broad discretion in ordering discovery and inspection of the leach field and that, in ordering defendant to remove obstructions from the disputed property, County Court did not in any way enlarge the scope of the preliminary injunction; it merely enforced it.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.