■ NICHOLAS GAGLIOTI et al., Respondents-Appellants, v THOMAS SCHNEIDER et al., Appellants-Respondents. [707 NYS2d 239] —In an action, *inter alia,* pursuant to RPAPL article 15 to compel the determination of claims to real property, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Douglass, J.), entered January 14, 1999, as, after a nonjury trial, declared that the plaintiffs were the owners of a stated portion of the property based on their claim of adverse possession, and the plaintiffs cross-appeal from so much of the same judgment as, in effect, dismissed their claim to ownership of the balance of the property.

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the judgment is reversed insofar as cross-appealed from, on the facts, and it is declared that the plaintiffs are the owners of the entire disputed parcel; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

In 1962, the plaintiffs, Nicholas Gaglioti and Emily Gaglioti, purchased the property and house located at 4230 Surf Avenue in the Seagate neighborhood of Brooklyn. Since 1933, a brick coping bordered part of the northern, front property line of the premises, extended a little westward onto the adjacent property at 4236 Surf Avenue, and then extended several feet southward toward the rear property line of 4236 Surf Avenue. Mr. Gaglioti testified that it was his understanding that his property line ran along the edge of the coping to its southern, outer tip, and then straight back towards the rear property line until it reached a garage, where it veered off. The Gagliotis believed that they owned a rectangular strip of land that separated the west side of their house from the concrete driveway on the premises of 4236 Surf Avenue. This strip is comprised of two distinct portions: the front portion, which was the portion of the strip encompassed by the coping, and the rear portion, which was the balance of the strip.

In approximately 1963, Mr. Gaglioti laid sod and planted bushes on the front portion of the strip. In or about 1973, he constructed a concrete walkway on the rear portion of the strip,

which led from his side entrance to the driveway. Up until that time, the rear portion of the strip consisted of dirt and mud. Mr. Gaglioti also laid down decorative bricks on the rear portion of the strip, and also planted approximately 12 shrubs in a checkerboard pattern to the south of the walkway. He never sought permission to make any of these improvements.

In 1989, when the defendants Thomas and Elizabeth Schneider purchased the property and house at 4236 Surf Avenue, the encroachment was pointed out to Mr. Gaglioti, and he and his wife commenced this action, *inter alia*, for a judgment declaring that the Gagliotis were the owners in fee simple of the entire strip. After a nonjury trial, the court determined that the Gagliotis satisfied all of the elements of an adverse possession claim as to the front portion of the strip, but not as to the rear portion.

A party seeking to obtain title by adverse possession on a claim not based upon a written instrument must establish, by clear and convincing evidence, that the possession of the subject land was hostile, under a claim of right, actual, open, notorious, and exclusive, and the possession must have been continuous throughout the statutory period (*see, Katona v Low,* 226 AD2d 433). Furthermore, pursuant to statute, that party must also establish that the subject land was either "usually cultivated or improved" or "protected by a substantial inclosure" (RPAPL 522 [1], [2]).

While we agree that the trial court correctly determined that the Gagliotis acquired title to the front portion of the strip by adverse possession, we hold that it erred in failing to make the same determination as to the rear portion of the strip. The Gagliotis demonstrated by clear and convincing evidence that their occupation of the rear portion of the strip was hostile, under a claim of right, actual, open, notorious, and exclusive, and continuous for more than 10 years. Furthermore, the Gagliotis demonstrated by clear and convincing evidence that the rear portion of the strip was "usually cultivated and improved" (RPAPL 522 [1]) in a manner "consistent with the property's character, location, condition and potential uses" (*Groman v Botar,* 228 AD2d 412, 413). For these reasons, the Gagliotis should have been declared the owners in fee simple of the rear portion of the strip (*see, e.g., Katona v Low, supra*; *Birnbaum v Brody,* 156 AD2d 408). Santucci, J. P., McGinity, Luciano and Schmidt, JJ., concur.