■ ROSEMARY RUSSO, Respondent, v HENRY STOMA et al., Appellants, et al., Defendant. [887 NYS2d 865]—

In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property, the defendants Henry Stoma, Judith M. Stoma, and Commonwealth Land Title Insurance Company appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated June 10, 2008, as granted that branch of the plaintiff's motion which was for summary judgment declaring that she acquired title, by adverse possession, to a certain garden area.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellants' contention, the plaintiff presented adequate evidence to specifically identify the subject garden area for the purpose of finding that she acquired title thereto by adverse possession (*see Sievernich v Sidorowicz*, 281 AD2d 616 [2001]). Moreover, the plaintiff's submissions satisfied the usual cultivation or improvement requirements of RPAPL former 522 (1) in view of the size, character, condition, location, and potential uses of the garden area (*see Gaglioti v Schneider*, 272 AD2d 436, 437 [2000]; *Katona v Low*, 226 AD2d 433, 434 [1996]; *Birnbaum v Brody*, 156 AD2d 408, 409 [1989]; *cf. e.g., Rowland*

*v Crystal Bay Constr.*, 301 AD2d 585, 586 [2003]). The evidence submitted by the appellants regarding their alleged maintenance of the garden area subsequent to the time when ownership of the garden area already had vested in the plaintiff failed to raise a triable issue of fact (*see Woodrow v Sisson*, 154 AD2d 829, 831 [1989]). Santucci, J.P., Chambers, Hall and Roman, JJ., concur.