Sills v Moorings Prop., LLC (2023 NY Slip Op 03957)

Sills v Moorings Prop., LLC

2023 NY Slip Op 03957

Decided on July 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 27, 2023

534432
[*1]Stephen J. Sills, as Trustee, et al., Respondents-Appellants,
v
The Moorings Property, LLC, et al., Appellants-Respondents.

Calendar Date:June 5, 2023

Before:Garry, P.J., Lynch, Clark, Aarons and Ceresia, JJ. 

Girvin & Ferlazzo, PC, Albany (Bonnie R. Watson of counsel), for appellants-respondents.
Napierski, VanDenburgh, Napierski & O'Connor, LLP, Albany (Ronnie Sills Lindberg of counsel), for respondents-appellants.

Garry, P.J.
(1) Cross-appeals from an amended order of the Supreme Court (Martin D. Auffredou, J.), entered February 16, 2022 in Warren County, which, among other things, partially denied plaintiffs' motion for summary judgment and partially denied defendants' cross-motion for summary judgment dismissing the amended complaint, and (2) appeal from an order of said court, entered September 28, 2022 in Warren County, which, upon renewal, partially granted defendants' motion for partial summary judgment dismissing the second cause of action.
Title to the parcels of real property involved in this litigation stem from a common grantor, who, in 1976, subdivided a tract of land on the shores of Lake George into 13 residential parcels and one common area and incorporated defendant Edmonds Brook Home Owners Association, Inc. (hereinafter the HOA). The HOA subsequently issued a declaration of covenants, restrictions, easements, charges and liens, along with bylaws, which collectively set forth rules for the governance of the HOA. Plaintiff Stephen J. Sills and his wife took title to one of the subdivided residentials lots, Lot 1, in 1992. Following his wife's death, Sills transferred title to himself as trustee of the Stephen J. Sills Qualified Personal Residence Trust. In 2002, defendant The Moorings Property, LLC took title to several of the subdivided lots, including Lot 6, which abuts Lot 1. In 2016, Moorings erected a stockade fence between several of its own lots, which Sills unsuccessfully contested with the HOA as violative of the declaration's restrictions as to the height and type of fencing that is permissible within the subdivision. In 2018, Moorings erected a wire fence that runs along the property lines between Lots 6 and several other lots, including Lot 1, allegedly violative of the same restrictions. According to plaintiffs, the wire fence also excludes them from a portion of Lot 6 — a rectangle that spans the 100-foot property line between Lots 1 and 6 and extends 28 feet onto Lot 6 (hereinafter the disputed property) — that Sills claims to have adversely possessed.
Plaintiffs commenced the instant litigation shortly thereafter, with three causes of action relevant to this appeal: plaintiffs' second cause of action sought to enforce the HOA's declaration with respect to the fences, their third cause of action sought to quiet title to the disputed property and their fourth cause of action is a corresponding trespass claim. In 2018, after being served with the amended complaint but before answering, the HOA filed an amendment to the declaration that changed the restrictions affecting fencing. Defendants then answered, asserting a number of affirmative defenses, including that the 2018 amendment conclusively refutes plaintiffs' second cause of action. They also counterclaimed to quiet title in their favor. Plaintiffs replied, asserting several affirmative defenses of their own. More than two years later, following some paper discovery, plaintiffs moved [*2]for summary judgment on their claims and dismissing defendants' counterclaims and affirmative defenses, including the documentary evidence defense, arguing that the amendment to the HOA's declaration should be nullified due to a number of procedural irregularities. Defendants opposed and cross-moved for summary judgment dismissing plaintiffs' claims regarding Moorings' fences and for title to be quieted in their favor.
In November 2021, Supreme Court partially granted both the motion and the cross-motion. The court found the manner in which the amendment to the declaration was adopted to be repugnant to justice and thus declared the amendment null and void, struck defendants' documentary evidence affirmative defense and granted plaintiffs summary judgment as to their second cause of action. The court further concluded that issues of fact preclude summary judgment for either party as to the disputed parcel and, thus, plaintiffs' trespass claim. Plaintiffs later moved to reargue as to certain issues not relevant to this appeal. Upon the parties' stipulation, the court issued an amended order in February 2022 in lieu of a decision on the motion, which was substituted for the November 2021 order. The parties cross-appeal from the amended order.[FN1]
In April 2022, the HOA held a special meeting and adopted a new amendment to its declaration, which retained the fencing restrictions present in the original declaration but added language that exempted fences erected before January 1, 2022 and required certain HOA permission for any future fences.[FN2] Defendants then filed an order to show cause with Supreme Court, requesting that their documentary evidence defense be reinstated and that summary judgment be granted in their favor as to plaintiffs' second cause of action. Plaintiffs opposed, asserting various procedural improprieties and arguing that the amendment was adopted in bad faith and in violation of the HOA president's fiduciary duty to its members. In September 2022, Supreme Court, treating the application as a motion to renew, determined that the subsequent amendment was valid and dismissed plaintiffs' second cause of action. Plaintiffs also appeal from the September 2022 order.
We agree with Supreme Court that issues of fact preclude summary judgment to either party as to the disputed property. To establish their claim for adverse possession, plaintiffs were required to prove that their possession of the disputed property was "(1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required [10-year] period" (Walling v Przybylo, 7 NY3d 228, 232 [2006]; see Ray v Beacon Hudson Mtn. Corp., 88 NY2d 154, 159 [1996]). Additionally, where, as here, the adverse possession is not founded upon a written instrument, the alleged possessor must also establish that the disputed property was either "usually cultivated or improved" or "protected by a substantial inclosure" (RPAPL former 522).[FN3]
Plaintiffs [*3]predominantly rely upon the affidavits of Sills, in which he asserted that, beginning in 1993, he and his late wife cultivated pachysandra on the disputed property. Each summer, Sills' wife, who passed away in 2002, would transplant some unspecified quantity of pachysandra from their year-round residence and other areas of Lot 1 to a shady area on the disputed property. Beginning in the summer of 1997, Sills' wife dug up some pachysandra from that patch to gift to their daughter, which tradition Sills continued annually following his wife's death up until the subject wire fence was erected. Sills further asserted that, beginning in 1993, he and his wife used a portion of the disputed property to put plant material from their landscaping around Lot 1. In support of these uses during the prescriptive period, plaintiffs submitted a survey map of existing conditions, prepared in 2019 in connection with this litigation. A patch of "planted vegetation" and a "compost and brush debris pile" are shown on that map within the disputed property. Sills also asserted that, beginning in 1995, he parked a boat trailer on the disputed property seasonally, from May through October. During the winter, that boat trailer, along with Sills' 18-foot sailboat, was stored in his driveway on Lot 1. At some point between October 1995 and May 1996, while the trailer was in the driveway, Sills placed flagstone pavers on the disputed property to create a path for the trailer's tires. He then continued to park his boat trailer on the disputed property each summer through 2017. The 2019 survey map reflects a curved "slate walk" running from the edge of Sills' paved driveway on Lot 1 onto a small portion of the disputed property. Sills asserted that at no time did he or his wife ask for or receive permission from Moorings or its predecessor in interest to use the disputed property. A friend of Sills, who helped him take the sailboat in and out of the lake seasonally and store the trailer on the disputed property, affirmed that he never saw anyone on the disputed property other than the Sills and their guests. Plaintiffs also submitted an affidavit by Sills' daughter, which corroborates much of the foregoing.
We reject defendants' claim that Sills' alleged activities are inadequate, as a matter of law, to constitute cultivation or improvement. The type of acts necessary to satisfy this mandate "will vary with the nature and situation of the property and the uses to which it can be applied and must consist of acts such as are usual in the ordinary cultivation and improvement of similar lands by thrifty owners" (Ray v Beacon Hudson Mtn. Corp., 88 NY2d at 160 [internal quotation marks and citation omitted]). We are thus mindful that the disputed property lies at the end of Sills' driveway, in a wooded, shady area. As for the pachysandra, although there are a number of cases to suggest that planting certain types or quantities of vegetation is insufficient to demonstrate cultivation [*4]and improvement within the meaning of RPAPL former 522 (see Houdek Real Estate Co., LLC v Bayport Postal Realty, LLC, 180 AD3d 761, 762-763 [2d Dept 2020]; Rowland v Crystal Bay Constr., 301 AD2d 585, 586 [2d Dept 2003]; Mohawk Paper Mills v Colaruotolo, 256 AD2d 924, 926 [3d Dept 1998]; Yamin v Daly, 205 AD2d 870, 871 [3d Dept 1994]; City of Tonawanda v Ellicott Cr. Homeowners Assn., 86 AD2d 118, 122-123 [4th Dept 1982], appeal dismissed 58 NY2d 824 [1983]), there are a comparable number of cases that demonstrate that plantings may satisfy the statutory requirement, particularly when partnered with other possessory acts (see McKeag v Finley, 93 AD3d 925, 926-927 [3d Dept 2012]; Asher v Borenstein, 76 AD3d 984, 987 [2d Dept 2010]; Gaglioti v Schneider, 272 AD2d 436, 437 [2d Dept 2000]; Katona v Low, 226 AD2d 433, 434 [2d Dept 1996]; Franzen v Cassarino, 159 AD2d 950, 952 [4th Dept 1990]). Sills' creation of a flagstone path, where one did not previously exist, may constitute such an act (see Montanaro v Rudchyk, 189 AD3d 1214, 1217 [2d Dept 2020]; McKeag v Finley, 93 AD3d at 927; Asher v Borenstein, 76 AD3d at 987; Gaglioti v Schneider, 272 AD2d at 437; compare Mentiply v Foster, 201 AD3d 1051, 1058 [3d Dept 2022]; Wilcox v McLean, 90 AD3d 1363, 1366 [3d Dept 2011]; Yamin v Daly, 205 AD2d at 871). The piling of debris presents a closer question (see Van Valkenburgh v Lutz, 304 NY 95, 99 [1952]), but we cannot conclude, as a matter of law, that composting in a wooded area can never be some evidence of possession by cultivation or improvement (see Rote v Gibbs, 195 AD3d 1521, 1526 [4th Dept 2021], appeal dismissed 37 NY3d 1106 [2021]; compare Rowland v Crystal Bay Constr., 301 AD2d at 586). Parking a boat trailer, or otherwise storing equipment, may also be a reasonable use for a shady area abutting a driveway (see Bergmann v Spallane, 129 AD3d 1193, 1195 [3d Dept 2015]; McKeag v Finley, 93 AD3d at 927; compare Houdek Real Estate Co., LLC v Bayport Postal Realty, LLC, 180 AD3d at 762; Mohawk Paper Mills Inc. v Colaruotolo, 256 AD2d at 926).
However, we agree with Supreme Court that plaintiffs' submissions raise numerous issues of fact, including whether the alleged possession by way of planting ground cover, composting natural materials, placing flat stone pavers in a wooded area and storing a trailer seasonally near the boundary of Lots 1 and 6 was "such that they would place the record owner on notice of an adverse claim" (Backus v Lyme Adirondack Timberlands II, LLC, 144 AD3d 1454, 1456 [3d Dept 2016] [internal quotation marks and citation omitted]). For this reason, both the motion and the cross-motion were properly denied as to the claims to quiet title. The disposition of plaintiffs' trespass claim necessarily must also await trial.
Turning to defendants' renewal motion, Supreme Court concluded that Sills' challenges to the 2022 amendment were waived because he failed to raise his various concerns at the special meeting. Plaintiffs failed [*5]to challenge that dispositive conclusion in their main brief. Indeed, plaintiffs went so far as to expressly withdraw their appeal as to all issues not argued therein. Although plaintiffs passingly assert in reply that certain of their challenges to the amendment are nonwaivable, defendants have not had the opportunity to respond to that argument (compare Matter of Testani v Russell & Russell, LLC, 204 AD3d 1260, 1261 [3d Dept 2022]). We thus find that any challenge to the 2022 amendment is not properly before us (see Church of St. Francis De Sales v McGrath, 200 AD3d 1267, 1269 n 3 [3d Dept 2021]). The court's September 2022 order must therefore be affirmed (see Matter of Kurbatsky v International Conference of Funeral Serv. Examining Bds., 162 AD3d 1379, 1380 n [3d Dept 2018]).[FN4]
Lynch, Clark, Aarons and Ceresia, JJ., concur.
ORDERED that the amended order and the order are affirmed, without costs.

Footnotes

Footnote 1: Although the parties' notices of appeal are from the November 2021 order, they agreed as part of their stipulation that their cross-appeals would proceed as if taken from the amended order. We therefore exercise our discretion to treat the notices as validly bringing appeals from the February 2022 amended order (see CPLR 5520 [c]; Yezzi v Small, 206 AD3d 1472, 1473 [3d Dept 2022]; Matter of Nakya SS. [Aziza TT.], 173 AD3d 1279, 1279 n [3d Dept 2019]).
Footnote 2: Sills was present at the special meeting but made no comments, raised no objections and abstained from voting.

Footnote 3: Plaintiffs claim that their title to the disputed property vested in 2003, or 2005 at the latest, and the parties agree that the amendments to the RPAPL that took effect in 2008 are therefore inapplicable (see Barra v Norfolk S. Ry. Co., 75 AD3d 821, 825-826 [3d Dept 2010]; Franza v Olin, 73 AD3d 44, 46 [4th Dept 2010]).

Footnote 4: We note that plaintiffs' limited appellate opposition to the 2022 amendment's validity is that it was instituted in bad faith, as allegedly evidenced by the fact that the amendment solely benefited Moorings and the HOA's failure to conduct annual meetings. However, defendant's submissions reveal that the proceedings that gave rise to the amendment were regular. Unlike the 2018 amendment that was nullified, the HOA president — the daughter of Moorings' manager — did not impermissibly cast a vote on behalf of the HOA, and the amendment was passed by four of five votes, only one of which was directly attributable to Moorings. As for the HOA's meetings, plaintiffs offered no proof challenging the assertions of the HOA president as to why meetings had not been held in the past three years. Plaintiffs' submissions thus also fell short of raising an issue of fact as to the validity of the 2022 amendment.